**In re SWEARINGEN AVIATION CORPORATION (A wholly owned Subsidiary of Fairchild Industries, Inc.)**

**and**

**Fairchild Industries, Inc.**

**Civ. No. B–79–1349.**

United States District Court, D. Maryland.

July 30, 1979.

·Marvin J. Garbis, Paul M. Junghans, Stephen C. Struntz, and Garbis & Schwait, P.A., Baltimore, Md., Richard R. Molleur and Lawrence M. Brauer, Fairchild Industries, Germantown, Md., for petitioners.

Russell T. Baker, Jr., U. S. Atty. for Maryland, D. Christopher Ohly and James A. Rothschild, Asst. U. S. Attys., Baltimore, Md., for respondent.

## MEMORANDUM AND ORDER

C. STANLEY BLAIR, District Judge.

Movants in this proceeding, Fairchild Industries, Inc. and its wholly-owned subsidiary, Swearingen Aviation Corporation, have moved the court to vacate certain orders. They assert that they are the subjects of an ongoing grand jury investigation in the District of Maryland, and that this court has issued *ex parte* orders under seal which impose an obligation of secrecy upon various witnesses before the grand jury. The issuance of these orders, it is contended, violates Rule 6(e) of the Federal Rules of Criminal Procedure. Rule 6(e) provides in pertinent part:

> (1) General Rule.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. *No obligation of secrecy may be imposed on any person except in accordance with this rule.* . . . (Emphasis supplied).

The movants therefore urge the court to vacate the orders which they believe were illegally issued. The court will not do so.

The language of Rule 6(e) appears on its face to be absolute and to prevent the issuance of any type of order imposing an obligation of secrecy on a witness. Before Rule 6(e) was enacted, the practice of most federal courts was to require grand jury witnesses to take oaths of secrecy. *Goodman v. United States*, 108 F.2d 516, 518 (9th Cir. 1939); *United States v. Central Supply Association*, 34 F.Supp. 241, 245 n.2 (N.D. Ohio 1940). This practice was upheld as "within the discretionary power of the court . . . if the court believes the precaution necessary in the investigation of crime." *Goodman*, 108 F.2d at 520; *see Central Supply Association*, 34 F.Supp. at 245. The language of Rule 6(e) preventing the imposition of an obligation of secrecy upon grand jury witnesses is apparently aimed at eliminating this practice. The Advisory Committee Notes concerning this provision state that:

> The rule does not impose any obligation of secrecy on witnesses. The existing practice on this point varies among the districts. The seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice if a witness is not permitted to make a disclosure to counsel or to an associate.

*See* Note 2 of the Advisory Committee Notes to Fed.R.Crim.P. 6(e).

■ However, other courts have recognized that there are circumstances in which some restriction on disclosures by grand jury witnesses may be appropriate despite the language of Rule 6(e). *In re Grand Jury Summoned October 12, 1970*, 321 F.Supp. 238, 240 (N.D.Ohio 1970); *King v. Jones*, 319 F.Supp. 653, 657, 659 (N.D.Ohio 1970), *rev'd on other grounds*, 450 F.2d 478 (6th Cir. 1971), *vacated as moot*, 405 U.S. 911, 92 S.Ct. 956, 30 L.Ed.2d 780 (1972); *In re Grand Jury Witness Subpoenas*, 370 F.Supp. 1282, 1285 n.5 (S.D.Fla.1974). The court does not believe that this provision was intended to prevent the imposition of an obligation of secrecy upon grand jury witnesses where necessary to protect the legitimate investigative function of the grand jury. To hold otherwise would render a court powerless to preserve the integrity of the judicial process. The grand jury is an arm of the district court through which it derives its power, *In re Long Visitor*, 523 F.2d 443, 446–47 (8th Cir. 1975); and the grand jury exercises its powers under the authority and supervision of the court. *In re Gopman*, 531 F.2d 262, 266 (5th Cir. 1976). Thus the court has the power and the duty to maintain the integrity of the investigative processes of the grand jury, and Rule 6(e) should not be read to command inaction when the circumstances require that it act.

■ On the basis of the facts supplied to the court in a sealed affidavit of the Assistant United States Attorneys conducting the investigation, the court finds, in the exercise of its discretion, that it is essential that these orders remain in effect to preserve the legitimate functions of the grand jury and the integrity of the judicial process itself. In light of the court's conclusions that it has supervisory powers over the grand jury and that Rule 6(e) is not an impediment to the issuance of the orders under the circumstances of this case, the court has the power under the All Writs Act, 28 U.S.C. § 1651, to issue the orders involved. *See United States v. New York Telephone Co.*, 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977). In pertinent part, § 1651 provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

This Act authorizes the issuance of orders designed to achieve the rational ends of law as well as the ends of justice entrusted to federal courts. *New York Telephone Co.*, 434 U.S. at 172–73, 98 S.Ct. at 372–73. These orders are necessary to render effective the processes of this grand jury, which is an appendage of the court. Thus, it is an appropriate exercise of this court's jurisdiction to issue these orders under § 1651(a) in an attempt to effect "the proper administration of justice." *New York Telephone Co.*, 434 U.S. at 174, 98 S.Ct. at 373.[1]

The orders themselves are rationally related to the reasons for which they were issued, and are not overly burdensome on either those subject to the orders or the movants themselves. The orders were issued to certain financial institutions who were served with subpoenas issued by the grand jury, and are effective for a period of ninety days. They merely prohibit those institutions from disclosing the fact of service of the subpoenas upon them, the nature of the documents whose production was commanded by the subpoenas, and the extent of compliance with the subpoenas. The orders do not prevent the movants from contacting any witness, including these institutions, for the purpose of discovering the relevant facts within the personal knowledge of that witness, other than the very limited information covered by the orders. The orders are limited to preventing disclosure of the identities of the institutions to whom subpoenas were issued and the nature of the documents subpoenaed. The court believes that such a limitation is both permissible and necessary under these circumstances.

---

1. These orders were not issued under the authority of the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, the provisions of which expressly do not apply to subpoenas issued in connection with proceedings before a grand jury. 12 U.S.C. § 3413(i).

**12**

Accordingly, it is this 30th day of July, 1979, by the United States District Court for the District of Maryland, ORDERED:

1. That the motion of Swearingen Aviation Corporation and Fairchild Industries, Inc. to vacate be, and hereby is, DENIED;

2. That the Memorandum and Order be placed under seal and remain under seal until further order of any court having jurisdiction in the premises; and

3. That the Clerk deliver copies of this Memorandum and Order to counsel for all parties.