In re SWEARINGEN AVIATION CORPO-RATION, a Wholly Owned Subsidiary of Fairchild Industries, Inc. and Fairchild Industries, Inc., Petitioners.

No. 79–1451.

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 17, 1979.

Decided Aug. 27, 1979.

Marvin J. Garbis, Paula M. Junghans, Stephen C. Struntz, and Garbis & Schwait, P. A., Baltimore, Md., Richard R. Molleur, Washington, D. C., and Lawrence M. Brauer, for petitioners.

Russell T. Baker, Jr., U. S. Atty., D. Christopher Ohly and James A. Rothschild, Asst. U. S. Attys., Baltimore, Md., for respondent.

Before WINTER, BUTZNER and HALL, Circuit Judges.

PER CURIAM:

Swearingen Aviation Corporation (Swearingen), a subsidiary of Fairchild Industries, Inc. (Fairchild), and Fairchild seek a writ of mandamus to require the district court to vacate certain *ex parte* orders, entered in the course of an on-going grand jury investigation of Swearingen and Fairchild, prohibiting certain financial institutions from disclosing to Swearingen or Fairchild whether the institutions received grand jury subpoenas to appear or produce documents, the identity and nature of the documents, if any, that they were required to produce, and the content of the testimony, if any, that they were required to give. Both petitioners vigorously assert that such orders were in excess of the authority of the district court because Rule 6(e), F.R. Crim.P., limits the power of the district court to impose secrecy as follows:

(e) *Secrecy of Proceedings and Disclosure.*

(1) *General rule.*—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. *No obligation of secrecy may be imposed on any person except in accordance with this rule.* A knowing violation of rule 6 may be punished as a contempt of court. (Emphasis added).

Because we think that Swearingen and Fairchild lack standing to contest the validity of the orders, we deny the writ. In the exercise of our supervisory authority over district courts, we direct a partial unsealing of the opinion of the district court denying a motion by Swearingen and Fairchild to vacate the orders.

I.

To establish standing to contest the validity of the orders, Swearingen and Fairchild must show injury in fact and membership in the class which Rule 6(e) was designed to benefit. *Data Processing Service v. Camp*, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Neither factor is shown here.

The legislative history of the portion of Rule 6(e) on which Swearingen and Fairchild rely is the Notes of the Advisory Committee on Rules. With respect to that portion, the Notes make only brief comment:

2. The rule does not impose any obligation of secrecy on witnesses. The exist-

ing practice on this point varies among the districts. The seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice if a witness is not permitted to make a disclosure to counsel or to an associate.

The comment is sufficient, however, to show that the prohibition against imposing an obligation of secrecy was intended to benefit the witness, should he desire to communicate with counsel or with an associate, and not the person who is the subject of the grand jury investigation.

█ Swearingen and Fairchild have not been indicted, so that there is no present accusation against them for which they may wish to prepare a defense. A grand jury proceeding is not an adversary one. While witnesses who appear and testify before a grand jury may wish to communicate the fact of their appearance and their testimony to the person who is the subject of the investigation, such communication is entirely optional with the witness. The person who is the subject of the investigation has no right to require a witness to divulge such information. Thus, we perceive no rights of Swearingen or Fairchild which are violated even·if we assume that the district court's orders are in violation of Rule 6(e). The rights that are violated, if any, are those of the witnesses and not Swearingen or Fairchild, but no witness has joined as a petitioner seeking to vindicate his rights.

To summarize, since Swearingen and Fairchild are not within the class of persons meant to be benefitted by Rule 6(e) and they have nót shown injury to any right possessed by them, a writ of mandamus will not issue upon their petition.

## II.

█ Swearingen and Fairchild complain that certain financial institutions have construed the district court's secrecy order too broadly and have declined to discuss and make available to them financial records and information about financial records beyond data or information as to whether the grand jury has subpoenaed these records, whether they were produced, and what, if·

any, testimony was given concerning them. They point out that in the opinion of the district court denying their motion to vacate the secrecy orders, the district court correctly described the relatively limited effect of those orders: "[t]he orders do not prevent the movants from contacting any witness, including these institutions, for the purpose of discovering the relevant facts within the personal knowledge of that witness, other than the very limited information covered by the orders." However, the district court has sealed the proceedings before it, and Swearingen and Fairchild are not at liberty to disclose to any witness or financial institution evidencing an unwillingness to be interviewed the opinion of the district court setting forth its explanation of what a witness or a financial institution may appropriately do, without risking being held in contempt, if approached by Swearingen and Fairchild.

In the interest of fairness, we think that Swearingen and Fairchild should have the right to communicate the opinion of the district court to witnesses and financial institutions from which they seek to obtain information so that these witnesses and financial institutions will understand that they are free to divulge, if they so desire, any information sought by Swearingen and Fairchild other than whether the witness or the financial institution has received a grand jury subpoena to appear or produce documents, the identity and nature of the documents, if any, that they were required to produce, and the content of the testimony, if any, that they were required to give. In the exercise of our supervisory power, we therefore conclude that the district court should amend its order sealing the proceedings to permit Swearingen and Fairchild to disclose the opinion of the district court declining to vacate the secrecy orders to witnesses and financial institutions from whom Swearingen and Fairchild may seek information, and we direct the district court so to do.