## In re GRAND JURY SUBPOENA DUCES TECUM, DATED DECEMBER 9, 1983.

### Grand Jury No. 83–473.

United States District Court,
E.D. Pennsylvania.

Dec. 21, 1983.

---

**1220**

Edward S.G. Dennis, Jr., Karl K. Lunkenheimer, U.S. Attys., Philadelphia, Pa., for petitioner.

## MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

A grand jury in this district wishes to examine certain bank records of a person who is a target of a grand jury investigation. Accordingly, a *subpoena duces tecum* was issued on December 9, 1983 requiring a custodian of records at a certain bank to produce the needed records before the grand jury. The bank thereupon advised the Government that it would, as a matter of bank policy, notify its customer of the production of the records.

To compel production of the records but to preclude the bank's concurrent disclosure to its customer of that production, the Government has now filed an *ex parte* motion for an Order directing the bank not to inform its customer of the required production for a period of ninety days.

The Government's motion relies on the power of the district court under the All Writs Act, 28 U.S.C. § 1651, to issue appropriate writs "in aid of [its jurisdiction] and agreeable to the usages and principles of law." In addition, the Government contends that district courts have a residual authority under the Federal Rules of Criminal Procedure to manage proceedings before grand juries. The Government believes that disclosure of its investigation to the subjects of the grand jury's inquiry will substantially frustrate its efforts. Thus, the Government contends, this court must order the bank to maintain secrecy so that the Government may obtain necessary documents without compromising its investigation. The Government characterizes such an order as in aid of this court's jurisdiction and part of this court's power to supervise grand juries.

■ The Government begins by analogizing this case to the situations described in section 1109 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3409. Section 1109 presents a series of exceptions to the general rule that when a "government authority" seeks production of financial records from a financial institution, the authority must provide notice to the institu-

tion's customer. Section 1109 permits a court to order delayed notice in certain circumstances. The Government contends that because the situation involved in this matter involves several of the circumstances listed in section 1109, this court should order the *institution* to maintain secrecy.

I find this argument unpersuasive. First, the Right to Financial Privacy Act explicitly states that "[n]othing in this chapter (except sections 3415 and 3420 of this title) shall apply to any subpoena or court order issued in connection with proceedings before a grand jury." 12 U.S.C. § 3413(i). Sections 3415 and 3420 are inapposite here. I decline to analogize from a statute which excludes grand jury subpoenas in express terms. Second, the Right to Financial Privacy Act imposes a series of requirements on the "government authority" seeking financial records. *See* 12 U.S.C. §§ 3405–3408. Nothing in the act imposes a duty on the financial institution other than compliance with subpoenas. *See* 12 U.S.C. § 3411. Section 1109 only relieves the Government, and not the institution, from an obligation to serve copies of subpoenas and requests on customers. Accordingly, section 1109 in no way parallels this case.

█ The Government next contends that 28 U.S.C. § 1651 and this court's supervisory power over grand juries under the Federal Rules of Criminal Procedure authorize the requested order. The Government makes this contention even though Fed.R. Crim.P. 6(e) appears to announce a general rule precluding district courts from requiring grand jury witnesses to keep silent about their testimony. Rule 6(e)(2) provides that "[n]o obligation of secrecy may be imposed except in accordance with this rule." Rule 6 nowhere mentions imposition of such an obligation upon witnesses; Rule 6 only imposes this obligation on grand jurors, interpreters, stenographers, recorders, typists, government attorneys and certain other government personnel.

The Government argues that the federal courts, notwithstanding the express language of Rule 6(e), retain a general authority to require a grand jury witness not to disclose matters relating to the witness' testimony. Some of the cases relied on by the Government do contain language suggesting that there may be situations in which such a restraint would be proper, but examples of restraints actually imposed by federal courts since the adoption of Rule 6(e) seem to be very rare. In fact, two courts facing "systematic debriefing" of grand jury witnesses by attorneys have declined to impose a rule of silence on the witnesses. *In re Grand Jury Proceedings*, 558 F.Supp. 532 (W.D.Va.1983); *In re Grand Jury Summoned October 12, 1970*, 321 F.Supp. 238 (N.D.Ohio 1970).

The only authority really on point which the Government has brought to this court's attention is the decision in *In re Swearingen Aviation Corporation and Fairchild Industries, Inc.*, 486 F.Supp. 9, 12 (D.Md. 1979). In that case, the court did indeed direct certain financial institutions not to advise their customers for a period of ninety days of disclosures required by a grand jury. The court did conclude "that rule 6(e) is not an impediment to the issuance of the Orders under the circumstances of this case ...." With all respect, I am not persuaded by that Court's opinion, or by the cases the opinion relies on, that the explicit directive of Rule 6(e)—"[n]o obligation of secrecy may be imposed on any person except in accordance with this rule" —may be overridden by this court's general supervisory authority over grand juries. It is true that in *Swearingen* the Fourth Circuit declined to mandamus the district court to vacate its *ex parte* orders; but the Fourth Circuit's ruling was expressly keyed to its determination that customers of the financial institutions "lack[ed] standing to contest the validity of the orders...." *In re Swearingen Aviation Corp.*, 605 F.2d 125, 126 (4th Cir.1979). In the view of the Fourth Circuit, only the financial institutions themselves—i.e., the entities restrained by the *ex parte* orders— had standing to contest the orders. The court of appeals' opinion, then, in no way approved the district court's order, because

Article III precluded the court of appeals from considering the merits of the petition for mandamus.

In sum, I conclude that Rule 6(e) embodies "usages and principles of law," 28 U.S.C. § 1651, which run counter to the order proposed by the Government. For the foregoing reasons the Government's motion is DENIED.