**In re GRAND JURY SUBPOENA DUCES TECUM dated January 15, 1986.**

**Appeal of UNITED STATES of America, Appellant.**

**No. 86–1297.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1986.

Decided July 29, 1986.

Rehearing and Rehearing En Banc Denied Sept. 11, 1986.

Robert J. Erickson, Dist. Judge, Washington, D.C., for appellant.

James M. Llewellyn, Fort Smith, Ark., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The United States (Government) appeals the order of the district court vacating a previous order which prohibited a financial institution in the Western District of Arkansas from notifying its customers of a grand jury subpoena of the customers' financial records. For the reasons set forth below, we affirm but remand the matter to the district court for such further proceedings as that court may deem appropriate in light of this opinion.

## I. BACKGROUND.

On January 15, 1986, a federal grand jury sitting in the Western District of Arkansas issued a subpoena to a financial institution in that district requesting production of bank records of two of its customers, their business partnerships or firms, and the records of a related business entity. These customers of the financial institution are targets of an ongoing investigation of suspected murders, labor racketeering, and drug and explosives trafficking. The subpoena included a request that the financial institution "not disclose the existence of the request for 90 days [because] [a]ny such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law." The financial institution informed the Government that it would notify these customers of the subpoena. The Government then sought and received a district court order directing the financial institution to delay notification of these customers for ninety days.

The financial institution moved for reconsideration of the order, and the district court held a hearing on the matter. Thereafter, the district court vacated its previous order, asserting: (1) that it lacked authority to command the financial institution not to notify its customers of the subpoena pursuant to the provisions of Fed.R.Crim.P. 6(e)(2); and (2) that even if the district court possessed the power to issue the order requested by the Government, the Government had failed to make an adequate showing to warrant the issuance of the order. *In re Grand Jury Subpoena,* 628 F.Supp. 580 (W.D.Ark.1986).

At the hearing, the Government asserted that the court possessed inherent power to issue the order, or that either the Right to Financial Privacy Act, 12 U.S.C. §§ 3401–22 or the All Writs Act, 28 U.S.C. § 1651, empowered the court to issue the order. In rejecting these contentions, the district court noted that no provision of the Right

to Financial Privacy Act authorizes issuance of the order, and that section 3413(i)[1] specifically excepts grand jury subpoenas from the ambit of that Act. *Id.* at 580–81. The district court further concluded that neither the general grant of power under the All Writs Act nor the court's inherent power authorize the court to issue the protective order in light of the specific command of Fed.R.Crim.P. 6(e)(2) and the accompanying advisory committee notes. *Id.* at 581.

While recognizing that a number of district courts have indicated the power to issue such an order exists upon adequate factual showing by the Government, the district court stated that, even if it were inclined to follow this rationale, it would not issue the requested order in the present case because the Government failed to make an adequate showing to justify overturning the policy of Rule 6(e)(2) which bans orders of non-disclosure to grand jury witnesses. *Id.* The Government thereupon brought this appeal.

While we disagree with the court's first proposition, we do agree and the Government seems to concede that it did not make a sufficient showing to justify the issuance of the order. The Government, however, contends that it has new and additional information which it wishes to present to the district court as a basis for the imposition of a secrecy order on the financial institution.

## II. DISCUSSION.

### A. Jurisdiction

■ Before reaching the merits of the dispute, we address the question of whether this court has jurisdiction of the appeal. Although the order appealed from does not constitute a final judgment, it conclusively determines a disputed question (whether the financial institution may disclose the existence of the subpoena to the grand jury targets); resolves an important issue completely separate from the merits (as yet, no indictment has issued); and, is effectively unreviewable on appeal from a final judgment. *Richardson-Merrell, Inc. v. Koller,* — U.S. —, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985); *In re 1985 Grand Jury Proceedings,* 785 F.2d 593, 595 (8th Cir. 1985). As such, the order falls within the collateral order exception to the final judgment rule.

### B. Authority to Issue a Secrecy Order to Witnesses

■ We first address the district court's ruling that it lacked authority to issue the requested order because Fed.R.Crim.P. 6(e)(2) prohibits the imposition of an order of secrecy on grand jury witnesses. The issue is one of first impression for this court and one of first impression in the United States Courts of Appeal so far as we can ascertain.[2]

Congress designed Rule 6(e) to prevent disclosure of matters occurring before the grand jury, thereby implementing the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958) (citations omitted).[3] Quoting *United*

1. 12 U.S.C. § 3413(i) provides: "Nothing in this chapter * * * shall apply to any subpoena or court order issued in connection with proceedings before a grand jury."

2. The Fourth Circuit commented on the rule in *In re Swearingen Aviation Corp.,* 605 F.2d 125, 127 (4th Cir.1979), but denied the targets of the investigation standing to contest an order imposing certain secrecy requirements on a bank called as a witness before the grand jury. However, in the exercise of its supervisory power, the court authorized the targets to contact the financial institutions to obtain records and oth-

er information which the district court had not directed the financial institutions to keep secret. We emphasize that the targets' limited right to obtain this information did not include the right to obtain any information which the district court had ordered the witnesses to keep secret.

3. In *United States v. Procter & Gamble Co., supra,* the Supreme Court considered a problem converse to the one before us. There, the Court considered the circumstances in which a trial court under Fed.R.Civ.P. 34 might require the disclosure of otherwise secret transcripts of grand jury witnesses' testimony.

*States v. Rose,* 215 F.2d 617, 628–29 (3d Cir.1954), the Supreme Court summarized the reasons for the policy of grand jury secrecy as follows:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Procter & Gamble Co.,* 356 U.S. at 681 n. 6, 78 S.Ct. at 986 n. 6.

To these ends, Rule 6(e)(2), in part, recites a general rule of secrecy: "No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court." In addition, Rule 6(e)(4) permits indictment to be kept secret until a defendant is in custody or released pending trial; Rule 6(e)(5) requires grand jury hearings to be closed to the extent necessary to prevent disclosure; and Rule 6(e)(6) requires "[r]ecords, orders and subpoenas relating to grand jury proceedings [to] be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before the grand jury."

Congress also created narrow exceptions to the general rule of secrecy. *See* Rule 6(e)(2) and (3). In listing those persons on whom an order of secrecy may be imposed, Rule 6(e)(2) makes no mention of witnesses. The notes of the advisory committee observe that while subdivision (e)(1) of Rule 6 preserves the traditional practice of secrecy on grand jurors and others unless a court permits disclosure, subdivision (e)(2) "does not impose any obligation of secrecy on witnesses." The comment further states that "[t]he existing practice on this point varies among the districts. The seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice if a witness is not permitted to make a disclosure to counsel or to an associate." Thus, the Rule permits a grand jury witness to disclose the fact or the content of his testimony without first obtaining an order of the court. However, we emphasize that the comments specify that this "veil of secrecy" was lifted to permit grand jury witnesses to make disclosures to counsel or to associates; while in this case, the witness intends to notify the targets of the grand jury investigation.

As the district court noted, a number of courts have stated that, notwithstanding the prohibition of Rule 6(e)(2), "[c]ircumstances may exist * * * which would justify some restrictions on disclosure by [grand jury] witnesses." *In re Grand Jury Witness Subpoenas,* 370 F.Supp. 1282, 1285 n. 5 (S.D.Fla.1974). *See also In re Grand Jury Subpoena Duces Tecum,* 575 F.Supp. 93, 94 (S.D.N.Y.1983); *Beacon Journal Publishing Co. v. Unger,* 532 F.Supp. 55, 59 (N.D.Ohio 1982). We are aware of only one court that has actually issued an order prohibiting certain financial institutions, served with grand jury subpoenas, from disclosing the fact of service of the subpoenas, the nature of the documents subpoenaed, and the extent of compliance with the subpoenas. *In re Swearingen Aviation Corp.,* 486 F.Supp. 9, 11 (D.Md.1979), *mandamus to vacate secrecy order denied for lack of standing,* 605 F.2d 125 (4th Cir.1979) (hereinafter *Swearingen*). In denying the writ of mandamus to vacate the secrecy order, the Fourth Circuit noted that the prohibition against imposing an obligation of secrecy on witnesses was intended to benefit the witnesses and not the targets of the grand jury investigation. *Swearingen,* 605 F.2d at 127.

Again, in this case, the Government seeks only to prevent the witness from

disclosing what has occurred to the targets of the investigation. The financial institution is perfectly free to communicate with counsel or personnel within its organization about the subpoena or testimony before the grand jury. The question raised is whether the district court has the power to bar the financial institution from communicating the existence of the grand jury subpoena and investigation to the targets.

We do not believe that, in approving the Federal Rules of Criminal Procedure, Congress intended to completely bar the district courts from imposing a reasonable obligation of secrecy on grand jury witnesses in an appropriate case. To construe the provisions of Rule 6(e) to give a grand jury witness unrestricted freedom to communicate the existence of the subpoena and the investigation or the content of testimony to targets could completely undercut the entire purpose of grand jury secrecy. For example, in this case, such disclosure to targets could enable the targets (1) to escape; (2) to exert pressure on grand jury members; or (3) to influence (or attempt to influence) witnesses appearing before the grand jury, thus discouraging free and untrammeled disclosures by witnesses. Thus, just as the general rule of grand jury secrecy may be set aside by a district court in an appropriate case pursuant to the provisions of Rule 6(e), so too should the prohibition against secrecy orders be subject to some control by the district judge.[4] We therefore conclude that, upon a proper showing in an appropriate case, the district court may direct a grand jury witness to keep secret from targets of the investigation the existence of a subpoena, the nature of documents subpoenaed, or testimony before the grand jury, for an appropriate period of time.

### C. Proper Showing to Impose a Secrecy Order

In this appeal, the Government does not question that part of the district court's order denying issuance of a secrecy order because the Government failed to make an adequate showing. The district court stated:

> Even if it were conceded that a court might be empowered to order a bank to remain silent in some circumstances, a proposition not obviously right for the reasons outlined above, we are not inclined to believe that the government has in this case made a sufficiently specific showing. The agent who testified named no names, and he gave no detailed reasons for his beliefs. The showing was vague, and the risks claimed were not differentiated from those that would obtain if an indictment is eventually handed down against the customer.

628 F.Supp. at 581.

The Government does not dispute the district court's finding in this regard, but contends that it has further information to present for the district court's consideration, should we rule that the district court possesses the power to issue such an order. We are therefore bound to affirm because the Government has not contested the district court's determination that it failed to make a sufficient showing to justify issuance of the order.

Although we are not presented with the issue of what kind of showing by the Government warrants issuance of such an order, we observe that the policy of non-secrecy as to grand jury witnesses embodied in Rule 6(e)(2) should not be set aside except in situations where the need for secrecy outweighs the countervailing policy, and that this need must be shown with particularity. In so observing, we draw upon the language of *United States v. Procter & Gamble Co.*, *supra*, in which the Supreme Court outlined the circumstances in which the policy of secrecy embodied in Rule 6(e) may be set aside by a federal court. We

---

**4.** It is axiomatic that the grand jury derives its power from the district court and therefore acts under the inherent supervision of the court. *Levine v. United States*, 362 U.S. 610, 617, 80 S.Ct. 1038, 1043, 4 L.Ed.2d 989 (1960); *In re Long Visitor*, 523 F.2d 443, 446–47 (8th Cir. 1975); *In re Gopman*, 531 F.2d 262, 266 (5th Cir.1976).

believe the policy of openness as to grand jury witnesses dictated by Rule 6(e)(2) requires similar considerations. To impose an order of secrecy upon a grand jury witness, there must be a "compelling necessity * * * shown with particularity." *See United States v. Procter & Gamble Co.,* 356 U.S. at 682, 78 S.Ct. at 986.

Accordingly, while affirming the district court, we remand the case for the district court to consider any Government motion for reconsideration based on additional evidence.

## III. CONCLUSION

Affirmed and remanded.

McMILLIAN, Circuit Judge, concurring in the result only.

I agree the order of the district court should be affirmed but not for the reasons set forth in the panel opinion.[1] I would not

remand the case for reconsideration. Accordingly, I concur in the result only.

I agree that we have appellate jurisdiction to review the order of the district court under the collateral order exception to the final judgment rule. At 678.

As I read the district court's order, the district court held only that "in the face of the specific command" of Fed.R.Crim.P. 6(e)(2), it lacked authority to issue the protective order. *In re Grand Jury Subpoena No. GJ 31,* 628 F.Supp. 580, 581 (W.D. Ark.1986). *Contra* at 677. The district court expressly noted that its discussion of the inadequacy of the government's specific factual showing was hypothetical and premised upon a proposition that was inconsistent with its analysis and holding. 628 F.Supp. at 581.

I believe the district court correctly held that under Rule 6(e)(2) it did not have the authority to impose an obligation of secre-

1. I also reject the government's argument based upon § 1109 of the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. § 3409, and the definition of the term "witness" in Fed.R. Crim.P. 6. In view of the analysis of the panel decision, it was unnecessary for the court to reach these issues. However, I write separately to set forth why I believe the government's arguments on these issues are without merit.

The government's first argument that the district court has the authority to issue protective orders imposing secrecy upon bank officials pursuant to § 1109 of the RFPA, 12 U.S.C. § 3409, is not persuasive. The RFPA generally requires a governmental authority seeking production of financial records from a financial institution to provide notice to the financial institution's customer. Section 3409 permits a court to order that the required notice may be delayed under certain circumstances (where there is reason to believe that notice will result in endangering life or physical safety of any person, flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or otherwise seriously jeopardizing on-going investigation). *Id.* § 3409(a)(3).

The RFPA expressly states that it does not apply to "any subpoena or court order issued in connection with proceedings before a grand jury." *Id.* § 3413(i) (exception for § 3415 (cost reimbursement) and § 3420 (limited use of financial information obtained pursuant to grand jury subpoena)); *see, e.g., In re Swearingen Aviation Corp.,* 486 F.Supp. 9, 11 n. 1 (D.Md.), *pet. for mandamus denied,* 605 F.2d 125 (4th Cir. 1979) (per curiam). In addition, the RFPA

imposes a series of requirements on the "government authority" seeking financial records. *See [id.]* §§ 3405–3408. Nothing in the [RPFA] imposes a duty on the financial institution other than compliance with subpoenas. *See [id.]* § 3411. Section [3409] only relieves the Government, and not the institution, from an obligation to serve copies of subpoenas and requests on customers.

*In re Grand Jury Subpoena Duces Tecum,* 575 F.Supp. 1219, 1221 (E.D.Pa.1983).

The government also argues that the bank is not necessarily a grand jury "witness" for purposes of Fed.R.Crim.P. 6(e)(2) because the bank can comply with the subpoena by delivering the documents to the government agent and thus need not actually appear before the grand jury. If the bank is not a "witness," then Rule 6(e)(2) does not apply and the district court can order the bank not to notify its customer of the subpoena. *Compare In re Grand Jury Proceedings (Castiglione),* 587 F.Supp. 1210, 1212 (E.D.Cal. 1984) (RFPA requires personal appearance and delivery of documents to grand jury by records custodian), *with United States v. A Residence Located at 218 3rd St.,* 622 F.Supp. 908, 914–15 (W.D.Wis.1985) (RFPA does not require personal appearance and delivery of documents to grand jury by records custodian). I believe the government's argument is superficial. The bank is a "witness" whether or not it can comply with the subpoena without personally appearing before the grand jury. *See In re Grand Jury Subpoena (East National Bank),* 517 F.Supp. 1061, 1066 (D.Colo.1981).

cy upon a grand jury witness. Fed.R. Crim.P. 6(e)(2) sets forth a general rule of secrecy with respect only to certain specific persons involved in the grand jury proceedings (grand jurors, interpreters, stenographers, recorders, typists, government attorneys, and certain other government personnel) and expressly provides that "[n]o obligation of secrecy may be imposed on any person except in accordance with this rule." The advisory committee notes state that subdivision (e)(2) "does not impose any obligation of secrecy on witnesses." Fed.R. Crim.P. 6(e)(2) advisory committee note. *See, e.g., In re Grand Jury Subpoena Duces Tecum,* 575 F.Supp. 1219, 1221 (E.D. Pa.1983) ("explicit directive" of Rule 6(e) cannot be overridden by court's general supervisory authority over grand juries); *In re Grand Jury Subpoena (East National Bank),* 517 F.Supp. 1061, 1066 (D.Colo.1981); *In re Vescovo Special Grand Jury,* 473 F.Supp. 1335, 1336 (C.D. Cal.1979); *cf. In re Grand Jury Proceedings,* 558 F.Supp. 532 (W.D.Va.1983) ("systematic debriefing" of grand jury witnesses permitted); *In re Grand Jury Summoned October 12, 1970,* 321 F.Supp. 238 (N.D.Ohio 1970) (same). Thus, I would hold that the bank, like any other grand jury witness, is free to decide whether or not to notify its customers of the subpoena. *See In re Grand Jury Subpoena (East National Bank),* 517 F.Supp. at 1067.

I would also hold that the "compelling necessity ... shown with particularity" standard is inconsistent with the express language of Fed.R.Crim.P. 6(e)(2). Several cases do contain language suggesting that in certain situations the district court would be justified in imposing restrictions upon disclosure by grand jury witnesses under its inherent power to effect the proper administration of justice. *See In re Grand Jury Subpoena,* 574 F.Supp. 85, 86 (S.D.N.Y.1983) (no "particularized showing of need for secrecy"); *In re Grand Jury Subpoena (East National Bank),* 517 F.Supp. at 1066 ("very limited circumstances"); *In re Swearingen Aviation Corp.,* 486 F.Supp. 9, 11 (D.Md.) (*Swearingen*) (when "necessary to protect the legitimate investigative function of the grand jury"), *pet. for mandamus denied,* 605 F.2d 125 (4th Cir.1979) (per curiam). However, *Swearingen* is the only case in which such an obligation of secrecy was actually imposed upon grand jury witnesses, and its precedential value is limited. The Fourth Circuit refused to order the district court to vacate its protective orders, but its refusal was expressly based upon its determination that only financial institutions, not the customers of financial institutions, had standing to contest the protective orders and thus did not reach the merits. 605 F.2d at 126. More importantly,

[a]ny reasons for a secrecy requirement, including the government's attempt to prevent subornation of perjury, suppression of evidence, or falsification of documents, would apply with equal force to the presentation of oral testimony as to the production of documentary evidence. *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 681 n. 6 [78 S.Ct. 983, 986 n. 6] (1958).... [T]here is no distinction for purposes of Rule 6(e) between a witness's freedom to disclose his [or her] oral testimony before a grand jury and his [or her] freedom to disclose what documentary evidence the witness has been compelled to provide to the grand jury.

*In re Vescovo Special Grand Jury,* 473 F.Supp. at 1336.

Because I would hold the district court correctly determined that under Rule 6(e)(2) it did not have the authority to impose an obligation of secrecy upon a grand jury witness, I agree the order of the district court should be affirmed. Accordingly, I concur in the result only.