## In re GRAND JURY PROCEEDINGS.

### Case No. 12GJ0155.

United States District Court,
S.D. California.

Signed Dec. 28, 2012.

Filed Feb. 1, 2013.

**ORDER**

BARRY TED MOSKOWITZ, Chief Judge.

This case presents the question of whether Federal Rule of Criminal Procedure 6(e)(2)(A) precludes an order prohibiting disclosure by subpoenaed parties of their grand jury testimony or the fact of the subpoena.

### I. BACKGROUND [1]

Corporation B is a customer of Corporation A. The two parties entered a contract that required Corporation A to notify Corporation B if Corporation A was subpoenaed for any documents or information concerning Corporation B.

In the course of a grand jury investigation, the Government subpoenaed documents from Corporation A regarding Corporation B. The Government then filed an ex parte application requesting that the Court issue an order prohibiting Corporation A from disclosing the subpoena. The Government contends that because many of Corporation B's employees are illegal aliens, any disclosure of the subpoena or investigation would likely cause the employees to hide, flee, or self-deport. The Government would therefore be unable to obtain assistance from the employees as witnesses, which would significantly impede and potentially jeopardize its investigation. Thus, the Government argues for an order prohibiting Corporation A from disclosing the subpoena for a period of 90 days, which its asserts is a reasonable amount of time to identify, locate, and interview the employees.

### II. STANDARD

Rule 6(e)(2)(A) states in relevant part "No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Fed.R.Crim.P. 6(e)(2)(A). Subsection B lists various persons who "must not disclose a matter occurring before the grand jury," including:

(i) a grand juror;

(ii) an interpreter;

(iii) a court reporter;

(iv) an operator of a recording device;

(v) a person who transcribes recorded testimony;

(vi) an attorney for the government; or

(vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

Fed.R.Crim.P. 6(e)(2)(B). Pursuant to Rule 6(e)(2)(B)(vii), the obligation of secre-

---

**1.** Because this order involves an on-going government investigation, the Court identifies the parties with letters to maintain confidentiality.

cy extends to "any government personnel ... that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law" and a person authorized by 18 U.S.C. § 3322, which permits disclosure of certain matters occurring before the grand jury.

Additionally, the original Advisory Committee Note on Rule 6(e) states:

> The rule does not impose any obligation of secrecy on witnesses. The existing practice on this point varies among the districts. The seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice if a witness is not permitted to make a disclosure to counsel or to an associate.

Rule 6 Advisory Committee Notes, 1944 Note to Subdivision (e).

### III. *DISCUSSION*

The Court must determine whether the language of Rule 6(e)(2)(A) permits an order prohibiting disclosure. Neither the Court nor the Government could identify a Ninth Circuit case that addresses this issue. Other Circuits, however, have held that Rule 6(e)(2)(A) does not foreclose a court from issuing an order prohibiting disclosure in extraordinary circumstances.

In *In re Grand Jury Proceedings,* 417 F.3d 18 (1st Cir.2005), the First Circuit noted that because Rule 6(e)(2)(B) does not list "witnesses" as a category of persons who "must not" disclose grand jury matters, the plain language of Rule 6(e)(2) itself coupled with the Advisory Committee note appeared, at first, to be a strong argument for not imposing an obligation of secrecy on a grand jury witness. *Id.* at 26. The court, however, found that "the rule's phrasing can, and should, accommodate rare exceptions premised on inherent judicial power." *Id.* Accordingly, the First Circuit held that "[a]bsent restriction,

courts have inherent power, subject to the Constitution and federal statutes, to impose secrecy orders incident to matters occurring before them." *Id.* The court reasoned that the drafters of Rule 6(e) intended only to extinguish the practice of automatically imposing secrecy upon witnesses but did not prohibit a non-disclosure obligation by an appropriate order. *Id.* The First Circuit stated, "The advisory note says that the rule 'does not impose' secrecy obligations and does not say that it prohibits such obligations made by appropriate order. There is no indication in the history of an intent to cut off the courts' power to restrict disclosure based on extraordinary circumstances." *Id.*

Both the Eighth and Eleventh Circuits have also held that a secrecy order is within the district court's inherent power. In *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records,* the Eleventh Circuit held that "the district court had the authority to prevent witnesses from disclosing materials prepared for or testimony given in the grand jury proceedings or related proceedings." 864 F.2d 1559, 1564 (11th Cir.1989). The court noted that Rule 6(e)(2)(A) "does not *exempt* witnesses from a secrecy obligation. Rather, the Rule does not of its own force impose such an obligation." *Id.* (emphasis in original).

In *In re Grand Jury Subpoena Duces Tecum,* the Eighth Circuit held that "upon a proper showing in an appropriate case, the district court may direct a grand jury witness to keep secret from targets of the investigation the existence of a subpoena, the nature of the documents subpoenaed, or testimony before the grand jury, for an appropriate period of time." 797 F.2d 676, 680 (8th Cir.1986). Further, the Eighth Circuit articulated a standard for an order imposing secrecy: the government must show that the order imposing secrecy is a

"compelling necessity" demonstrated with "particularity." *In re Grand Jury Subpoena Duces Tecum*, 797 F.2d at 681 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). The Eight Circuit phrased the Government's burden as follows: "[w]e observe that the policy of non-secrecy as to grand jury witnesses embodied in Rule 6(e)(2) should not be set aside except in situations where the need for secrecy outweighs the countervailing policy, and that this need must be shown with particularity." *Id.* at 680.

▮ The Court finds these holdings persuasive and therefore holds that Rule 6(e)(2)(A) does not preclude an order imposing nondisclosure in appropriate circumstances. To determine whether such an order is appropriate in this case, the Court applies the standard set forth by the Eighth Circuit. *See In re Grand Jury Subpoena Duces Tecum*, 797 F.2d at 680. Thus, the Government must show with particularity that the need for secrecy outweighs the countervailing policy in Fed. R.Crim.P. 6(e)(2)(A).

▮ The Court finds that the Government has demonstrated a compelling necessity for an order prohibiting disclosure. Corporation B's employees are potential witnesses in the Government's investigation of Corporation B's business practices. Many of these employees, however, are illegal aliens. Disclosure of either the subpoena or the investigation would likely cause an exodus of these illegal alien employees, which would significantly hinder the Government's investigation. Accordingly, the Court finds the that the Government has satisfied the first prong.

▮ Second, the Government has also shown sufficient particularity regarding the underlying factual basis and scope. The Government has alleged sufficient particularized facts as discussed above. Further, the Court also finds that the scope of the secrecy order is reasonable. The Government has requested the nondisclosure order be imposed for ninety days from the issuance of the subpoena. *See Butterworth v. Smith*, 494 U.S. 624, 110 S.Ct. 1376, 108 L.Ed.2d 572 (1990) (holding that Florida's statutory prohibition on disclosure by a witness of his testimony before the grand jury violated the First Amendment insofar as it proscribed disclosure of witness's own testimony after the grand jury's term had expired). Because many employees are illegal aliens, these employees have taken steps to hide their true identity and location. To identify, locate, and interview these employees requires time, and the Court finds that ninety days is a reasonable amount of time.

## IV. CONCLUSION

The Court finds that Rule 6(e)(2)(A) does not prevent the court from issuing an order prohibiting disclosure when the Government demonstrates with particularity that need for secrecy outweighs the general policy of not imposing a requirement of secrecy upon a grand jury witness. Here, the Government has demonstrated both a compelling necessity and particularity regarding the requested order. Accordingly, the Court has **GRANTED** the Government's ex parte application. The order granting the nondisclosure order was filed on November 2, 2012. This present order sets forth the Court's reasoning for granting the nondisclosure order. Corporation A is prohibited from disclosing the subpoena for a period of ninety days. This order will be filed under seal for the same period of time as the term of the nondisclosure order. The 90 day period expires on February 1, 2013. The United States may obtain an extension of the sealing and non-

disclosure order upon a showing of good cause.

**IT IS SO ORDERED.**