**In re Proceedings before the GRAND JURY SUMMONED OCTOBER 12, 1970.**

United States District Court,
N. D. Ohio, W. D.
Dec. 10, 1970.

William M. Connelly, Asst. U. S. Atty., Toledo, Ohio, for the Government.

Arnold & Porter, Washington, D. C., and Donald F. Melhorn, Jr., Toledo, Ohio, for Donovan Wire & Iron Co. and Irwin Fruchtman.

## MEMORANDUM

DON J. YOUNG, District Judge.

This cause came to be heard on motion of Donovan Wire & Iron Company and Irwin Fruchtman for an order enforcing compliance with the provisions of Rule 6 (e) of the Federal Rules of Criminal Procedure by restraining the government from imposing any obligation of secrecy upon grand jury witnesses.

The facts are not in dispute. Counsel for movants engaged in what is aptly described as a systematic debriefing of witnesses upon their departure from the grand jury room. In response thereto, the attorneys for the government advised several witnesses that while they were free to discuss their testimony with whomever they pleased, they were to report back to the grand jury in the event they were interrogated regarding the questions presented to them by the grand jury. The government's sole objective "was to attempt to discourage the movants practice of reconstructing the grand jury proceedings by systematically debriefing the grand jury witnesses." Government's Memorandum in Support of Amended Response at p. 4. The effect of the limiting instruction was that three witnesses who had appeared before the grand jury refused to discuss their testimony with movant's counsel, apparently believing that they were under some total restraint or were otherwise dissuaded

by the possibility of having to report back to the grand jury.

Rule 6(e) of the Federal Rules of Criminal Procedure provides in pertinent part:

Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, [or] stenographer * * * may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * * *No obligation of secrecy may be imposed upon any person except in accordance with this rule.* (Emphasis added).

█ Witnesses are not mentioned in the list of persons coming under the prohibition set forth in the Rule. Therefore, they would be included within the group of persons upon whom no obligation of secrecy may be imposed. See Note 2 of the Advisory Committee Notes to Fed.R.Cr.P. 6(e).

█ The government takes the position that the action of movant's counsel was violative of the traditional veil of secrecy surrounding grand jury proceedings. At the outset the Court notes that the secrecy which is to be upheld is the final action or inaction of the grand jury and not the specific questions propounded to and specific answers given by a particular witness. 38 Am.Jur.2d, Grand Jury § 41 (1968). While it is true that in a given case the difference might be indistinguishable, such a result would appear to be by far the exception and not the general rule.

█ While the relevant case law is not abundant, the cases tend to lend support to the position taken by the movants. The cases show that the secrecy of grand jury proceedings may not be imposed upon witnesses who appear before a grand jury; they may be interviewed after their appearance and repeat what they said before the grand jury or otherwise relate their knowledge on the subject of the inquiry. Philadelphia Electric Co. v. Anaconda American Brass Co., 41 F.R.D. 518 (E.D.Pa.1967); Palmentere v. Campbell, 205 F.Supp. 261 (W.D. Mo.1962); In re Petition for Disclosure of Evidence, etc., 184 F.Supp. 38 (E.D. Va. 1960); In re Hearings Before the Committee on Banking and Currency, etc., 19 F.R.D. 410 (N.D.Ill.1956), rev'd on other grounds, 245 F.2d 667 (7th Cir. 1957); People v. Ianniello, 21 N.Y.2d 418, 235 N.E.2d 439 (1968); People v. Minet, 296 N.Y. 315, 73 N.E.2d 529 (1947); *see also* King v. Jones, C 70–94 (N.D.Ohio, filed Nov. 3, 1970). The contrary authority cited by the government is either pre-Rule 6(e) or is otherwise not applicable as the cases pertain to the discovery of witnesses' testimony or identity in a manner other than from the witness himself.

In finding in favor of movants, the Court is not setting forth a general rule that the government may never impose a veil of secrecy over the testimony of a grand jury witness. Indeed, the Court can readily envision instances where such a restriction would be justifiable. However, the facts stated herein do not elevate the governmental interest to a height greater than that of the witnesses' right to speak freely with whomever he so chooses. Nor has the government demonstrated that it has an interest paramount to counsel's right to safeguard the interests of his client by instituting lawful investigatory procedures.

█ Of course the Court is fully cognizant of the fact that a *per se* rule of secrecy was never imposed upon any of the witnesses. They were instructed by the attorneys for the government to report back to the grand jury if interrogated as to the questions asked of them by the grand jury. However, the effect was the same as if an absolute prohibi-

tion had been imposed, and the Court views it as such.

The Court further realizes that the damage from the government's wrongful activity has already been done. Therefore, in an attempt to fashion appropriate relief, the Court will order the government to advise the witnesses named in movant's affidavit, in a form and manner as is approved by the Court, that the witness has no obligation of secrecy regarding his testimony before the grand jury, and that they are free, if they so desire, to discuss with any person, their testimony or the nature of the questions propounded to them by the grand jury. Said order will further specify that if so interrogated, they are under no obligation to report such to the attorneys for the government or to the grand jury. The Court will not order the government to refrain from similar action in the future, fully expecting that the government will comply with the terms of this memorandum.

An order will be entered in accordance with this memorandum.

### ORDER

This cause came to be heard on motion of Donovan Wire & Iron Company and Irwin Fruchtman for an order enforcing compliance with the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure by restraining the government from imposing any obligation of secrecy upon grand jury witnesses. For the reasons stated in the accompanying memorandum, good cause therefor appearing, it is

Ordered that the motion should be and hereby is sustained, and it is

Further ordered that the government forthwith advise the witnesses named in movant's affidavit, in a form and manner as is approved by the Court, that the witnesses have no obligation of secrecy regarding their testimony before the grand jury and that they are free, if they so desire, to discuss with any person, their testimony or the nature of the questions propounded to them by the grand

jury. Furthermore, the order shall specify that the said witnesses are under no obligation to report back to either the government or to the grand jury should they agree to be so interrogated.

It is so ordered.