**In re VESCOVO SPECIAL GRAND JURY.**

**No. Misc. 7357.**

United States District Court, C. D. California.

Aug. 9, 1979.

Dennis Schloss, Special Atty., U.S. Dept. of Justice, Los Angeles, Cal., for United States.

A. Wallace Tashima, James A. Dumas, Jr., Morrison & Foerster, Los Angeles, Cal., for Crocker Nat. Bank.

## ORDER

WM. MATTHEW BYRNE, Jr., District Judge.

On December 18, 1978, a grand jury subpoena duces tecum was served on the custodian of records of Crocker National Bank (hereafter "Crocker"), calling for production of certain financial records of a bank depositor. Attached to the subpoena was a letter from Dennis Schloss, Special Attorney, United States Department of Justice, stating that the custodian of records was not to disclose for ninety days the existence of the request for the records in question, because such disclosure would impede the grand jury's investigation and interfere with the enforcement of the law.

Attorneys for Crocker telephoned Mr. Schloss and stated their view that California law required disclosure of the subpoena to the depositor.[1] The government responded that California law does not control federal grand jury subpoenas, and that failure to honor the confidentiality condition contained in the letter could constitute a

---

1. Crocker bases this view primarily on *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 125 Cal.Rptr. 553, 542 P.2d 977 (1975), in which the California Supreme Court held that: "before confidential customer information may be disclosed in the course of civil discovery proceedings, the bank must take reasonable steps to notify its customer of the pendency and nature of the proceedings and to afford the customer a fair opportunity to assert his interests by objecting to disclosure, by seeking an appropriate protective order,

or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered." 125 Cal.Rptr. at 556, 542 P.2d at 980.

In an earlier decision, the California Supreme Court had written:

"A bank customer's reasonable expectation is that, *absent compulsion by legal process*, the matters he reveals to the bank will be utilized by the bank only for internal banking purposes." *Burrows v. Superior Court*, 13

violation of 18 U.S.C. § 1503 or § 1510, the federal obstruction of justice statutes.

Crocker contends that the government's requirement of non-disclosure renders the subpoena unreasonable and oppressive, because it placed Crocker in the position of choosing between criminal liability for disclosure to the depositor and civil liability to the depositor for failure to disclose. Crocker moves to quash the subpoena or, in the alternative, for an order making withdrawal of the confidentiality requirement a condition of the bank's obligation to comply with the subpoena.

■ Rule 6(e) of the Federal Rules of Criminal Procedure provides, in pertinent part:

"A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules. *No obligation of secrecy may be imposed on any person except in accordance with this rule.* A knowing violation of rule 6 may be punished as a contempt of court." (emphasis added)

The Advisory Committee Note to Subdivision (e) states:

"The rule does not impose any obligation of secrecy on witnesses. The existing practice on this point varies among the districts. The seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice if the witness is not permitted to make a disclosure to counsel or to an associate."

Under Rule 6(e) no obligation of secrecy may be imposed upon grand jury witnesses. *In re Investigation Before April, 1975 Grand Jury,* 174 U.S.App.D.C. 268, 274–75 n.11, 531 F.2d 600, 606–07 n.11 (1976); *In re Grand Jury Summoned October 12, 1970,* 321 F.Supp. 238, 240 (N.D.Ohio 1970). Witnesses may be interviewed after their appearance and repeat what they said before the grand jury or relate any knowledge they have on the subject of the inquiry. *In re Grand Jury Summoned October 12, 1970, supra,* 321 F.Supp. at 240, and cases cited therein.[2]

■ Any reasons for a secrecy requirement, including the government's attempt to prevent subornation of perjury, suppression of evidence, or falsification of documents, would apply with equal force to the presentation of oral testimony as to the production of documentary evidence. *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 681 n.6, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). The court concludes that there is no distinction for purposes of Rule 6(e) between a witness's freedom to disclose his oral testimony before a grand jury and his freedom to disclose what documentary evidence the witness has been compelled to provide to the grand jury. The government therefore cannot legally impose an obligation of secrecy upon Crocker with respect to this subpoena duces tecum.

Because any attempt to impose an obligation of secrecy on Crocker is without legal effect, Crocker's contention that the subpoena is unreasonable and oppressive because of the secrecy requirement is moot. The government's letter requesting that the subpoena not be disclosed to the depositor may, however, be interpreted as an informal request that the bank exercise any

---

Cal.3d 238, 118 Cal.Rptr. 166, 169, 529 P.2d 590, 593 (1974). (emphasis added)
It is less than clear whether the California courts would require a bank to notify a depositor prior to providing bank records in response to a federal grand jury subpoena. In light of the court's disposition of the motion to quash, the court need not address that issue.

2. The authority cited by the government, *State of Illinois v. Sarbaugh,* 552 F.2d 768 (7th Cir. 1977), is not to the contrary, because it involved an attempt to discover witnesses' testimony by obtaining grand jury transcripts, not from the witnesses themselves.

discretion it may have not to disclose the subpoena. As such, the letter does not require the bank to do or not to do anything. It merely informs the bank that the government believes its investigation would be hindered by disclosure of the subpoena.

Accordingly,

IT IS ORDERED that the motion to quash the subpoena duces tecum is denied.