The **BEACON JOURNAL PUBLISHING COMPANY, et al., Plaintiffs,**

v.

James R. **UNGER, etc., et al., Defendants.**

**Civ. A. No. C81–1343A.**

United States District Court, N. D. Ohio, E. D.

Jan. 28, 1982.

**56**

Norman S. Carr, Akron, Ohio, for plaintiffs.

Dale T. Evans, Asst. Pros. Atty., Canton, Ohio, for defendants.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

This is an action for declaratory and injunctive relief, brought under 42 U.S.C. § 1983 and § 1985, alleging that plaintiffs' First Amendment rights are being violated by a portion of the oath administered to witnesses who appear before the Stark County Grand Jury. The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1343, and declaratory relief is appropriate under 28 U.S.C. § 2201.

The matter is now pending on defendants' Motion to Dismiss, and on plaintiffs' Motion for Preliminary Injunction. Under Fed.R.Civ.P. 65(a), the Court consolidated the hearing on the application for a preliminary injunction with the hearing on the merits.

Based upon the pleadings and evidentiary materials submitted by the parties, and for the reasons set forth below, the Court declares that it is unlawful to administer an oath to witnesses who appear before the Stark County Grand Jury, requiring the witness to swear or affirm "... that you will not reveal to anyone the substance of your testimony". Plaintiffs' demand for injunctive relief is hereby denied, as is plaintiffs' claim for attorney fees.

### I

The factual record in this case is rather sparse, consisting of the pleadings, certain affidavits, pleadings and stipulations in a case involving the parties before the Ohio Supreme Court, the briefs, and oral argument. From this somewhat chaotic record, the following facts can be gleaned.

The plaintiffs are the Beacon Journal Publishing Company, which publishes the Akron Beacon Journal, a local newspaper (the "Journal"); David Scott (Scott), a reporter employed by the Journal; and Donald Wuertz (Wuertz), a lieutenant in the Canton Police Department. Named as defendants are the Honorables William Morris and Ruben Wise, the Administrative and Presiding Judges of the Court of Common

Pleas, Stark County,[1] and James R. Unger, the Prosecuting Attorney of Stark County.

For a period of some years all witnesses who appear before the Stark County Grand Jury have been required to subscribe to an oath which, *inter alia*, requires the witness to swear or affirm "that you will not reveal to anyone the substance of your testimony". The oath has been reduced to a written form, apparently a card of some type, and the foreman of the Grand Jury uses that form to swear in all the witnesses.[2]

In 1981 the Grand Jury was investigating the affairs of Jackson Township in Stark County, particularly matters concerning the Police Department of the Township. The Grand Jury investigation has been concluded, and no indictments have been returned. Plaintiff Wuertz was one of the witnesses who testified before the Grand Jury, and was administered the oath in question. As a consequence, Wuertz claims he is not able to discuss matters relating to his testimony publicly, nor to respond to public allegations concerning such testimony. Wuertz claims that by virtue of the oath he took he "has been prohibited from exercising his personal First Amendment right of speech".[3]

Plaintiffs the Journal and Scott claim that they are denied access to witnesses who may wish to speak out regarding their testimony before the Grand Jury in this matter, in violation of their constitutional rights. Furthermore, these plaintiffs claim that they cannot talk to anyone who might have any knowledge regarding the Jackson Township matter without a threat of criminal prosecution against either themselves or the person they talk to, since such person might have been a witness before the Grand Jury.

The Journal and Scott brought an action in the Ohio Supreme Court, seeking writs of mandamus and/or prohibition, to prevent the present defendants from continuing to utilize the oath in question. The Ohio Supreme Court dismissed that case, for reasons which do not appear in the record. The Ohio Supreme Court treated Respondents' Motion to Strike as a Motion to Dismiss and dismissed the action. The Motion to Strike has not been introduced in evidence in this case.

Following such dismissal, plaintiffs initiated this action.

## II

### A.

■ Plaintiffs cast their arguments in terms of their First Amendment rights. Defendants, correctly noting that this matter can be disposed of under Ohio Crim.R. 6(E), urge this Court to abstain so as to permit the state courts to evaluate the validity of the oath in question in light of the Rule.

The issue of abstention has been thoroughly discussed in *Colorado River Water Conser. Dist. v. U. S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, at 814–817, 96 S.Ct. at 1244–1246 (1976). Abstention has been held appropriate:

(a) In cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law. *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 [61 S.Ct. 643, 85 L.Ed. 971] (1941).

(b) Where there have been presented difficult questions of state law bearing

---

1. There are six judges in the Court of Common Pleas of Stark County, Ohio Rev. Code § 2301.-02(C), each of whom is authorized to administer the oath to a witness appearing before the Grand Jury, Ohio Rev. Code § 2939.13; plaintiffs have named only two as defendants. The oath may also be administered by the foreman of the Grand Jury or the Clerk of the Court of Common Pleas, Ohio Rev. Code § 2939.13; neither one of these officials has been named as a defendant. Though these county officials would be represented by the Prosecuting Attor-

ney, Ohio Rev. Code § 309.09, as are the defendants, good practice would certainly suggest that all interested persons ought to have been joined as defendants.

2. No one has seen fit to put the full oath in evidence.

3. It is not clear what crime, if any, Wuertz might be prosecuted for, if he exercised his First Amendment right of free speech.

**58**

on policy problems of substantial public import whose importance transcends the result in the case then at bar. *Burford v. Sun Oil Co.*, 319 U.S. 315 [63 S.Ct. 1098, 87 L.Ed. 1424] (1943).

(c) Where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669] (1971).

Abstention here, under either (b) or (c) would be inappropriate, there being neither pending state criminal proceedings, sought to be restrained, nor difficult question of state law bearing on policy problems of substantial public import.

Abstention under (a), the so-called "Pullman Abstention", would also be inappropriate. This Court has jurisdiction to decide state issues as well as federal issues, and may decide this case without reaching the federal questions, *Siler v. Louisville & N.R. Co.*, 213 U.S. 175, 191–192, 29 S.Ct. 451, 454–55, 53 L.Ed. 760 (1909), and indeed ought to decide the state issues rather than unnecessarily decide constitutional questions, *Id.* at 193, 29 S.Ct. at 455; *Ashwander v. TVA*, 297· U.S. 288, at 341, 56 S.Ct. 466, at 480, 80 L.Ed. 688 (1936) (J. Brandeis, concurring). While presenting a constitutional question, this case can be disposed of on state law ground, Crim.R. 6(E). Since that state law is not fairly subject to dispute, this Court need not abstain from deciding the constitutional question presented until a state court has had an opportunity to construe the state law. *Cf. Valenti v. Rockefeller*, 292 F.Supp. 851 (D. N.Y. 1968) (three judge court), aff'd 393 U.S. 405, 89 S.Ct. 689, 21 L.Ed.2d 635 (1969). See also

*Davis v. Mann*, 377 U.S. 678, 84 S.Ct. 1441, 12 L.Ed.2d 609 (1964).[4]

**B.**

■ Since plaintiff Wuertz is able to show that he was injured in fact by the restraint imposed by the oath administered to him, and since the injury to him involves an interest that was arguably intended to be protected by the First Amendment and Crim.R. 6(E), he has standing to assert the claims raised in this action, *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); thus, this matter may be decided without reaching the question of whether the Journal or Scott has standing.

*Cf. Office of Communication of United Church of Christ v. FCC*, 359 F.2d 994 (D.C. Cir. 1966).

**C.**

■ A more difficult question is whether all the proper defendants are before this Court.

Under Ohio law, the foreman of the Grand Jury, the Judge of the Court of Common Pleas, or the Clerk of the Court of Common Pleas, may administer the oath to witnesses who appear before the Grand Jury. Ohio Rev. Code § 2939.13. Neither the foreman of the Grand Jury, nor the Clerk, nor all the judges have been joined in this action in their official capacity as defendants.

While this Court can afford plaintiffs relief as against the defendants they chose to sue, such relief may run only to the named defendants, and the actions of persons not named as defendants cannot be compelled by the judgment.

---

**4.** *King v. Jones*, 450 F.2d 478 (6th Cir. 1971), vacated as moot 405 U.S. 911, 92 S.Ct. 956, 30 L.Ed.2d 780 (1972), held that the federal court should have abstained, under *Younger*, from enjoining enforcement of a state court order prohibiting witnesses before a grand jury from giving interviews while the matter was pending, so that the state court could have had the opportunity to modify or dissolve its order. In the case at bar there is no state court order,

and no criminal proceedings or grand jury investigation are pending. What is involved is merely a custom or practice of the Grand Jury. This is not to say that plaintiffs should not have pursued their claims in an ordinary proceeding, in the state courts under Ohio Rev. Code Chapter 2721, rather than seeking extraordinary writs from the Ohio Supreme Court, or relief from this Court.

### III

■ Ohio Crim.R. 6(E) provides in pertinent part that:

No obligation of secrecy may be imposed upon any person except in accordance with this rule.

The Rule does not provide for the imposition of an obligation of secrecy upon a witness before the Grand Jury, and is identical in relevant parts with the Fed. R. Crim. P. 6(e).

The federal courts have consistently held that, under Fed.R.Crim.P. 6(e), no obligation of secrecy may be imposed upon a witness before a grand jury. *In re Vescovo Special Grand Jury*, 473 F.Supp. 1335 (C.D. Cal. 1979); *In re Langswager*, 392 F.Supp. 783 (N.D. Ill. 1975); *In re Grand Jury Witness Subpoenas*, 370 F.Supp. 1282 (S.D. Fla. 1974); *In re Russo*, 53 F.R.D. 564 (C.D. Cal. 1971). In *In re Grand Jury*, 321 F.Supp. 238, at 240 (N.D. Ohio 1970), the Court pointed out that

. . . [T]he secrecy of grand jury proceedings may not be imposed upon witnesses who appear before a grand jury; they may be interviewed after their appearance and repeat what they said before the grand jury or otherwise relate their knowledge on the subject of the inquiry.

This Court is fully persuaded that, should this issue *properly*[5] come before the Ohio Supreme Court, that Court would interpret Ohio Crim.R. 6(E) as precluding the oath that is currently being administered to witnesses before the Grand Jury in Stark County. Serious questions regarding the constitutionality of Crim.R. 6(E) would arise if that rule were to be interpreted as permitting a blanket prohibition upon grand jury witnesses from discussing their

testimony before the grand jury, regardless of the circumstances. Therefore, the portion of the oath administered to the witnesses before the Stark County Grand Jury prohibiting the witnesses from discussing the substance of their testimony, is invalid, as in violation of Ohio Crim.R. 6(E).

In so holding, this Court is not setting forth a general rule that the defendants may never impose a veil of secrecy over the testimony of a grand jury witness, and the Court can readily envision instances where such a restriction would be justifiable. Any such restriction, however, should be case-specific, and based upon the facts and circumstances of each situation as it arises.

Because this matter can be disposed of on these grounds, it is unnecessary for this Court to consider the constitutional claims raised by the plaintiffs. *United States v. Thirty Seven Photographs*, 402 U.S. 363, at 364, 91 S.Ct. 1400, at 1402, 28 L.Ed.2d 822 (1971). *Cf. Chicago & G. T. Ry. Co. v. Wellman*, 143 U.S. 339, at 346, 12 S.Ct. 400 at 402, 36 L.Ed. 176 (1892), where the Court cautioned against constitutional adjudication upon agreed and general statements, without the fullest disclosure of all material facts.

### IV

In the absence of all parties involved in the administration of the oath, the Court does not deem it appropriate to issue any injunctive relief, fully expecting that not only the named defendants, but all other persons will comply with the declaratory judgment of this Court.[6] *Cf. Miguel v. McCarl*, 291 U.S. 442, at 456, 54 S.Ct. 465, at 468–469, 78 L.Ed. 901 (1934); but see 28 U.S.C. § 2202 and Fed.R.Civ.P. 21.

---

**5.** In dismissing plaintiffs' petition for a writ of mandamus and/or prohibition, the Ohio Supreme Court does not appear to have reached the merits of plaintiffs' claim, and the dismissal was most probably predicated on the inappropriateness of the extraordinary remedy sought by the plaintiffs.

**6.** Plaintiffs seek an order requiring the defendants to immediately inform the witnesses who previously testified regarding the Jackson

Township affair that they are at complete liberty to discuss their previous testimony.

Inasmuch as there is no evidence that any of the present defendants have any knowledge as to who these witnesses are, and since the only person who would have such information is not before the Court, see Ohio Rev. Code § 2939.-12, the mandatory injunction sought by plaintiffs is denied.

B.

Because the special circumstances of this case, previously adverted to, would render an award of attorney fees inequitable, plaintiffs' request for attorney fees is hereby denied.

IT IS SO ORDERED.