**In re GRAND JURY SUBPOENA DUCES TECUM.**

No. M–11–188.

United States District Court,
S.D. New York.

Oct. 25, 1983.

As Modified Dec. 1, 1983.

Rudolph W. Giuliani, U.S. Atty., James R. DeVita, Asst. U.S. Atty., New York City, for the government.

LEVAL, District Judge.

By an ex parte application the government seeks an order prohibiting a bank from disclosing to its customer that the bank has been served with a grand jury subpoena duces tecum for records concerning the customer. The application originally was accompanied by a short affidavit of the Assistant United States Attorney which stated simply "Premature disclosure of the investigation ... may frustrate efforts to seize evidence of crimes and may jeopardize the effectiveness of the Grand Jury investigation." No authorities were cited supporting the issuance of such an order.

In response to my direction that further papers be submitted in support, the government filed a brief in the form of an affirmation. This brief makes reference to the provision of Criminal Rule 6(e)(2) that "No obligation of secrecy [with respect to Grand Jury proceedings] may be imposed on any person except in accordance with this rule." It goes on to argue that, in spite of Rule 6(e)(2), authority for the order lies in the All Writs Act, 28 U.S.C. § 1651. The Government cites *In re Swearingen Aviation Corp.*, 486 F.Supp. 9 (D.Md.1979) as authority for a secrecy order where necessary to protect the legitimate investigative function of the grand jury. The affirmation of the Assistant United States Attorney states that "the proposed order is required to render effective the process of the grand jury. If disclosure of the receipt of this grand jury subpoena is made to the target ... or other bank customer the investigation would be frustrated and possibly jeopardized". The brief concludes with the contention that the Government has made a "particularized showing of need for secrecy".

I do not decide on the Government's contention that it is entitled to receive such an order of secrecy upon a "particularized showing of need for secrecy". The Government does not contend it is entitled to the order without making such a showing. And I find that the papers submitted do not make a sufficient showing to comply with the standard that the Government acknowledges it must meet.

The Assistant's affirmation submits no information which would enable a court to decide whether a secrecy order is warranted. Nothing is stated except the prosecutor's formulaic conclusion that the "investigation would be frustrated". Without doubting the good faith of the Assistant's opinion, it does not constitute a "showing" of anything more than the Assistant's opinion. It reveals none of the basis upon which the Assistant formed his opinion, much less upon which the Court might rely.

I appreciate the problem that in certain circumstances important criminal investigations can be frustrated by awareness of a grand jury's inquiry. I believe that strong social policy supports the Government's argument that Rule 6(e)(2) should not be read so literally or restrictively as to disable important attempts by the grand jury to investigate and prevent crime.

But at the same time, it must be recognized that the order sought interferes with a variety of important freedoms, including speech and association. One who does business with a bank would reasonably expect to be notified by the bank if it received a subpoena for records of one's transactions. Orders forbidding such communication should not, in my view, be issued on so meager a basis as a prosecutor's conclusory statement, lacking any demonstrated foundation, that an investigation would be "frustrated".

I do not decide when and under what circumstances such an order may properly issue. It is sufficient to note that on the present record the Government has failed to meet the standard which the Government contends is applicable.

I find no merit in the Government's contention that its position is supported by the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq. This statute expressly excludes grand jury subpoenas from the notification requirements imposed with respect to governmental subpoenas of bank records. § 3413(i). From this exclusion, the government infers legislative ap-

proval for the concealment of grand jury subpoenas from bank customers. The argument goes too far. The Act does not forbid banks from disclosing grand jury subpoenas to their customers. On the question whether and when courts should forbid such disclosure, the Act is completely silent.

The application is denied.

SO ORDERED.