**In re GRAND JURY SUBPOENA.**

**Misc. No. 85–147(PG).**

United States District Court,
D. Puerto Rico.

Jan. 17, 1986.

Judith Berkan, Hato Rey, Puerto Rico, for movant.

Roberto Moreno, Asst. U.S. Atty., Hato Rey, Puerto Rico, for the United States.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This matter is before this Court on Hilton Fernández Diamante's motion to intervene and to quash a grand jury subpoena and a motion for injunctive relief.[1]

Hilton Fernández Diamante (hereinafter movant) was arrested on August 30, 1985, along with several other defendants in the case of *United States v. Gerena, et al.*, Cr. Case No. 85–50 (TEC), in the District of Connecticut, pursuant to an indictment re- turned by a grand jury in the District of Connecticut, on August 26, 1985. In the case of *United States v. Gerena, et al.*, Mr. Fernández Diamante is charged, along with others, of participating in a conspiracy to rob a Wells Fargo truck in West Hartford, Connecticut. The indictment further alleges that Mr. Fernández Diamante is a member of the Macheteros, a pro-independence clandestine organization, which is alleged to have claimed responsibility for the robbery. The indictment further alleges that Mr. Fernández Diamante and others caused the movement of money and/or persons to Mexico and to Cuba in connection with the aforementioned conspiracy. On November 18, 1985, a subpoena was issued to Viajes Antillas, a travel agency located in Rio Piedras, Puerto Rico, ordering the delivery to a grand jury of "any and all records pertaining to Hilton Fernández Diamante. This subpoena was accompanied by a letter signed by Assistant United States Attorney Roberto Moreno, of the Special Prosecutions Unit. The letter stated in part as follows:

> You are not to disclose the existence of this subpoena or the fact of your compliance for a period of 90 days from the date of the subpoena. Any such disclosure could seriously impede the investigation being conducted and, thereby, interfere with the enforcement of the federal criminal law.

On December 3, 1985, the movant filed a motion to intervene and to quash the grand jury subpoena and motion for injunctive relief. The latter motion requests this Court to issue an order requiring the office of the United States Attorney to refrain from using the referred letter, to remove any obligation of secrecy with respect to the grand jury witnesses, and to prohibit the alleged misconduct on the part of the United States Attorney. In support thereof, the movant filed a memorandum where he argues that the language used in the above letter is unauthorized, amounts to prosecutorial interference with the rights of the recipients and obstructs the perform-

---

1. Other motions have also been filed. They will also be resolved in this Opinion.

ance of an adequate defense. The motion to quash is based on several grounds:

(1) Improper use of the grand jury investigation to obtain information and leads with respect to a pending criminal case in which Mr. Fernández Diamante is charged;

(2) Pattern of prosecutorial misconduct in the course of the investigation resulting in an intimidation of witnesses and an interference with the defense of the pending criminal case;

(3) Impingement of the right to travel and free speech and freedom of press rights;

(4) Facial overbreadth.

Memorandum in Support of Motion to Intervene and to Quash Grand Jury Subpoena, p. 1.

On December 16, 1985, the Government filed its opposition to movant's motion for injunctive relief. The Government argues that the injunction is not issuable because the movant has another adequate remedy at law,[2] the movant lacks standing to request the relief prayed for[3] and the letter accompanying the subpoena is proper. On December 17, 1985, the Government filed its motion in opposition to the motion to intervene and to quash the grand jury subpoena. The Government argues the following: 1) petitioner lacks standing to intervene and quash the grand jury subpoena; 2) the grand jury subpoena was issued under proper authority; and 3) Viajes Antillas is a proper party with standing and willing to comply with the subpoena. On December 27, 1985, the movant filed his reply.

On December 27, 1985, the movant also filed a motion for protective order (I) and memorandum in support thereof asking this Court to prohibit the Government from providing the information obtained from Viajes Antillas to any prosecuting authori-

ties participating in the case of *United States v. Gerena, et al.* That same day, movant also filed a motion for protective order (II) and memorandum in support thereof, requesting the Court to order the Government to communicate with every person who received the letter and explain to them that he or she has no obligation of secrecy under the federal law.

On December 30, 1985, Elias Castro Ramos also filed a motion to intervene and to quash the grand jury subpoena. He adopted the arguments raised by movant Hilton Fernández Diamante. Elias Castro Ramos is a co-defendant in the case of *United States v. Gerena, et al.*

This Court held a hearing on January 3, 1986, on Fernández Diamante's motion to intervene and to quash the grand jury subpoena and his motion for injunctive relief.

This Court is of the opinion that both the subpoena and the language of the letter were proper under law.[4] We explain.

■ It is a well established rule that "calling a grand jury investigation for the sole or dominating reason of gathering information to be used in the trial of a pending indictment is an abuse." *In re Maury Santiago*, 533 F.2d 727 (1st Cir.1976). It is also well established that "once a defendant has been indicted, a prosecutor may not use the grand jury's investigative powers for the purpose of securing additional evidence against the defendant for use in the upcoming trial." *In Re Grand Jury Proceedings* (Johanson), 632 F.2d 1033, 1041 (3rd Cir.1980); *see, United States v. Woods*, 544 F.2d 242, 249 (6th Cir.1976); *United States v. Fisher*, 455 F.2d 1101, 1104–05 (2nd Cir.1972); *United States v. Star*, 470 F.2d 1214, 1217 (9th Cir.1972). However, "a good faith inquiry into other *charges* within the scope of the grand

---

2. As an adequate remedy at law the Government argues that movant could establish that he did not commit the act charged, or that the statute or ordinance on which the prosecution is based is invalid, or by taking an appeal.

3. The Government argues that movant has no standing because 1) the subpoena was directed at a totally different person; 2) movant is not

the party in interest; and 3) no privilege exists between movant and Viajes Antillas.

4. Having decided that both the subpoena and the language of the referred letter were proper under the law, we find it unnecessary to pass upon the standing issue.

jury's lawful authority is not prohibited even if it uncovers further evidence against an indicted person." (emphasis ours) *In Re Grand Jury Proceedings* (Johanson), 632 F.2d at 1041; *see, United States v. (Under Seal)*, 714 F.2d 347, 350 (4th Cir. 1983); *United States v. Gibbons*, 607 F.2d 1320, 1328 (10th Cir.1979); *United States v. Beasley*, 550 F.2d 261 (5th Cir.1977); *United States v. Sellaro*, 514 F.2d 114, 122 (8th Cir.1973). As stated in *United States v. Doe*, 455 F.2d 1270, 1273 (1st Cir.1972), *citing* Professor Moore, "It is improper to use the grand jury for the purpose of preparing an already pending indictment for trial. But the courts have generally held that where another purpose is predominant the fact that the government may derive incidental benefit from a grand jury proceeding does not preclude its use."

In his motion to quash the subpoena, the movant argues that the real purpose of the grand jury subpoena directed at Viajes Antillas is to prepare the government's case in Hartford. In support of this, the movant relies on the fact that 1) Assistant U.S. Attorney Moreno participated in the Hartford case; 2) the question of international travel is extensively woven into the Hartford indictment and the bail hearings,[5] and 3) the possibility that the Government's investigation is incomplete. As part of its response, the Government filed a sealed affidavit affirming that the grand jury investigation seeks the documents in aid of another investigation.[6] After reading this affidavit this Court finds no evidence of an improper purpose and rejects the need for imaging one. The grand jury seeks the documents in connection with another investigation involving other charges of crimes allegedly committed in this district. This is entirely a proper purpose. *See, In Re Grand Jury Proceedings* (Johanson), *supra*. The fact that the Government may derive incidental benefits from a grand jury proceeding does not preclude its use in another trial. *United States v. Doe, supra*.

Because the grand jury seeks the documents in connection with another investigation involving other charges of crimes allegedly committed in this district, we conclude that Hilton Fernández Diamante's indictment and Elias Castro Ramos's indictment are not a bar to enforcement of the subpoena. If an unlawful purpose in seeking enforcement of the subpoena is shown, this Court will not hesitate to fashion an appropriate remedy. However, when the predominant and only purpose is to investigate other charges, the issuance of the indictment against Fernández Diamante and Castro Ramos does not prevent the enforcement of the subpoena issued to Viajes Antillas.

With regard to the letter, no obligation of secrecy may be imposed upon grand jury witnesses under F.R.Cr.P. 6(e).[7]

---

5. According to movant, the conspiracy alleged in *United States v. Gerena, et al.,* includes the movement of both a person and considerable amounts of money to Mexico and to Cuba and that the Government based almost its entire case for the denial of bail on those alleged travels. However, according to defendant, the only evidence presented in Hartford was one trip to Panamá earlier this year.

6. According to *In re Pantojas,* 628 F.2d 701, 704 (1st Cir.1980), the government is under no obligation to submit this sealed affidavit. However, in order to prevent the disclosure of its criminal investigation and to demonstrate the minimal relationship of the documents to such investigation the government submitted the affidavit to this Court. *See, In re Grand Jury Supboenas Duces Tecum,* 391 F.Supp. 991 (D.R.I.1975).

7. Rule 6(e) of the F.R.Cr.P. provides in pertinent part:

> A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A known violation of Rule 6 may be punished as a contempt of court.

The advisory committee note to subdivision (e) states:

> The rule does not impose any obligation of secrecy on witnesses. The existing practice on this point varies among the districts. The seal of secrecy on witnesses seems an unnec-

*In re Vescovo Special Grand Jury,* 473 F.Supp. 1335 (C.D.Cal.1979). However, the Government's letter requesting that the subpoena not be disclosed was appropriate. The court, in *In re Vescovo Special Grand Jury, Id.,* considered a similar letter served upon a bank which the court summarized as follows:

> that the custodian of the records was not to disclose for ninety days the existence of the request for the records in question, because such disclosure would impede the grand jury's enforcement of the law.

In denying the motion to quash the subpoena duces tecum the court stated:

> The government's letter requesting that the subpoena not be disclosed to the deposition may, however, be interpreted as an informal request that the bank exercise any discretion it may have not to disclose the subpoena. As such, the letter does not require the bank to do or not to do anything. It merely informs the bank that the government believes its investigation would be hindered by disclosure of the subpoena.

*In re Vescovo,* 473 F.Supp. at 1336–1337.

Accordingly, in the present case we find no impropriety in the use of the letter. The letter does not tell Viajes Antillas to do nor not to do anything. It merely informs Viajes Antillas that the Government believes its investigation will be hindered by disclosure of the subpoena.

■ Having decided that the indictment in Connecticut is not a bar to the enforcement of the subpoena and that the letter accompanying the subpoena was proper, we find unmeritorious movant's arguments that the grand jury subpoena and the letter were part of a pattern of prosecutorial misconduct resulting in the interference of the pending criminal case. First, we found that the purpose of the subpoena in this case is to investigate other charges and not to harass and intimidate potential witnesses and supporters of defendants. Second,

essary hardship and may lead to injustice if the witness is not permitted to make a disclo-

we found that the letter could be interpreted as an informal request to recipients not to disclose the subpoena.

■ Movant also argues that the subpoena is overbroad. We agree. The subpoena requires Viajes Antillas to produce for the grand jury "any and all records pertaining to Hilton Fernández Diamante." As stated by movant, this subpoena is not limited in any way other than by Mr. Fernández Diamante's identity. It is not limited in time or place and is broad enough to encompass travel by Mr. Fernández Diamante's friends, attorneys and witnesses.

■ Such a broad subpoena is unacceptable. The Fourth Amendment places limits on the breadth of a subpoena which requires the production of documents. Such subpoena must not be excessive for the purposes of the relevant inquiry. *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). Therefore, we limit the scope of the subpoena solely to the records pertaining to Hilton Fernández Diamante's travels, such as copies of the tickets and other supporting documents and not the documents involving Mr. Fernández Diamante's friends, relatives, attorneys or witnesses.

Furthermore, having decided that the letter can be interpreted as an informal request to its recipient not to disclose the subpoena, we find unnecessary to order the Government to communicate with the possible recipients of this letter and explain to them that he or she has no obligation of secrecy under federal law. Therefore, movant's motion for protective order (II) is denied.

■ We also refuse to prohibit the Government from providing the information obtained from Viajes Antillas to any prosecuting authorities participating in the case of *United States v. Gerena.* The purpose of the grand jury proceedings in

sure to counsel or to an associate.

the present case is to investigate other charges, and the Government could therefore use these incidental benefits at the pending trial in Connecticut.

WHEREFORE, in light of all the applicable law and jurisprudence the following motions are hereby DENIED:

1) Movant's motion to quash the subpoena;

2) Movant's motion for injunctive relief;

3) Movant's motions for protective order (I) and (II).

However, it is ORDERED that the subpoena be circumscribed as set forth in the Opinion.

The Stay granted on December 4, 1985, is hereby SET ASIDE.