**In re GRAND JURY SUBPOENA, NO. GJ 31.**

**No. GJ–31.**

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Feb. 3, 1986.

J. Michael Fitzhugh, U.S. Atty., for the Government.

## MEMORANDUM OPINION

ARNOLD, District Judge.

On motion of the United States Attorney, the Court imposed secrecy on a bank that had been served with a grand jury subpoena seeking the records of a customer who was the subject of a grand jury investigation. The bank, which had originally raised no objections to the order, now moves to vacate it on the ground that the court had no power to issue it. The court agrees with the bank's contention and for the reasons outlined below grants the motion.

The government urges the court that the authority to make such an order can be found in three different sources: The Right to Financial Privacy Act, 12 U.S.C. §§ 3401–22, the All Writs Act, 28 U.S.C. § 1651, and the court's inherent powers. We address each of these arguments in turn.

■ The Right to Financial Privacy Act nowhere authorizes the issuance of such an order. Indeed, by its terms, it has no appli-

cation, with two irrelevant exceptions, to grand jury proceedings. *See* 12 U.S.C. § 3413(i). It is true that the government's duty to disclose to a bank customer the existence of a subpoena, when its source is other than a grand jury, can be stayed for a time if the court makes certain factual findings. *See* 12 U.S.C. § 3409. But the fact that the government may sometimes be relieved of its duty to disclose has no logical bearing on whether a bank can ever be ordered not to disclose.

■ The All Writs Act confers on federal courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Even if so general a grant could be construed to include the power to issue the order sought here, such an argument is difficult to maintain in the face of the specific command of Fed.R.Crim.P. 6(e)(2), which provides that "[n]o obligation of secrecy may be imposed on any person except in accordance with this rule." The rule lists the kinds of persons on whom secrecy is imposed, and witnesses are conspicuously absent from the list. Their omission was not accidental. *See In re Grand Jury Investigation*, 610 F.2d 202, 217 (5th Cir.1980); *In re Swearingen Aviation Corp.*, 605 F.2d 125, 127 (4th Cir.1979) (per curiam); *United States v. Radetsky*, 535 F.2d 556, 569 (10th Cir.1976), *cert. denied*, 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976); *In re Investigation before the April 1975 Grand Jury*, 531 F.2d 600, 607 n. 11 (D.C.Cir.1976) (per curiam); *In re John Doe*, 537 F.Supp. 1038, 1045 n. 6 (D.R.I.1982); *Beacon Journal Publishing Co. v. Unger*, 532 F.Supp. 55, 59 (N.D.Ohio 1982); *In re Vescovo Special Grand Jury*, 473 F.Supp. 1335, 1336 (C.D.Cal.1979); *In re Grand Jury Witness Subpoenas*, 370 F.Supp. 1282, 1285 n. 5 (S.D.Fla.1974). Nor can it be successfully maintained in light of this provision that the court has the inherent power to grant a request by the government for secrecy. *See In re Grand Jury Subpoena Duces Tecum, Dated December 9, 1983*, 575 F.Supp. 1219, 1222 (E.D.Pa.1983); *In re Proceedings before the Grand Jury Summoned October 12, 1970*, 321 F.Supp. 238, 240 (N.D.Ohio 1970). *See also In re Grand Jury Subpoena Duces Tecum*, 575 F.Supp. 93, 94 (S.D.N.Y. 1983).

At the argument on the bank's motion to vacate the secrecy order, the government produced a witness, an agent of the Bureau of Alcohol, Tobacco, and Firearms, who testified that notice of the subpoena to the bank customer in this case might result in serious danger to some person or persons and would create some risk of destruction of evidence, flight from prosecution, or the intimidation of witnesses. A number of courts have indicated in *dicta* that the power to issue a secrecy order might exist in the event that certain specific factual showings were made. *See, e.g., Beacon Journal Publishing Co.*, 532 F.Supp. at 59; *In re East National Bank of Denver*, 517 F.Supp. 1061, 1066 (D.Colo.1981); *In re Grand Jury Witness Subpoenas*, 370 F.Supp. at 1285 n. 5; *In re Proceedings before the Grand Jury Summoned October 12, 1970*, 321 F.Supp. at 240. One court, presented with certain facts that it did not reveal, did issue a secrecy order against a bank. *In re Swearingen Aviation Corp.*, 486 F.Supp. 9, 11 (D.Md.1979), *mandamus to vacate secrecy order denied for lack of standing*, 605 F.2d 125 (4th Cir.1979) (per curiam). (That case, incidentally, is the only one discovered in which the government prevailed in its effort to procure an order like the one sought here.) Even if it were conceded that a court might be empowered to order a bank to remain silent in some circumstances, a proposition not obviously right for the reasons outlined above, we are not inclined to believe that the government has in this case made a sufficiently specific showing. The agent who testified named no names, and he gave no detailed reasons for his beliefs. The showing was vague, and the risks claimed were not differentiated from those that would obtain if an indictment is eventually handed down against the customer.

No doubt there are risks involved in circumstances like these, but it is the court's

duty to presume that they were considered when the drafters of Fed.R.Crim.P. 6(e)(2) did their work. It goes without saying that financial institutions ought always to give serious attention to requests by the government to maintain secrecy. After due regard is given to their duty to themselves, including a consideration of any possible liability that might accrue on a theory of breach of the customer's privacy, it is very likely that financial institutions will frequently acquiesce in such requests. Certainly, we express no opinion that they must reveal the fact of a subpoena to a customer. We hold only that we are without the power to command them not to.