ON MOTION FOR REHEARING
ORFINGER, Judge.
We vacate the prior opinion issued in this case and substitute the following in its place.
The defendant appeals from a conviction of resisting arrest without violence. We reverse.
Defendant had been summoned to appear before Commissioner Harvey Alper, a general or special master appointed by the Seminole County circuit judges, to answer his former wife’s complaint that he was behind in his child support payments. At the conclusion of the hearing, Alper determined that defendant was behind in his payments, that he had the ability to pay and was therefore in contempt of court. The commissioner further advised defendant that he would be incarcerated for 15 days unless he purged himself of contempt by paying the amount due, or, if he wanted a hearing before a judge, he would be held in jail until a hearing could be arranged. When appellant resisted being taken into custody, he was subdued by two officers, arrested and charged with two counts of battery on a law enforcement officer and two counts of resisting arrest with violence.
At trial, the jury acquitted defendant on the battery charges and on the charge of resisting arrest with violence, but convicted him of resisting arrest without violence.[1] Over defendant’s objection, the trial court instructed the jury, as a matter of law, that taking the defendant *87 into custody constituted the lawful execution of a legal duty by the officers. This was error. We find nothing in the statutes, rules or case law which clothes the general or special master with the power to adjudicate a litigant in contempt of court or to order him arrested or incarcerated, and we are cited to no such authority by the parties here. Therefore, the master had no authority to order the appellant arrested, and in attempting to arrest appellant, the officers were not engaged in the lawful performance of a legal duty.
Ordinarily, a reversal of a conviction because of an erroneous instruction would result in a new trial. However, because the defendant was acquitted of resisting arrest with violence, he cannot be tried again on that charge, and because the lawful execution of a legal duty by the officer is a necessary ingredient in the charge of resisting arrest without violence, § 843.02, Fla.Stat. (1985), an element which is not present here, the conviction for that offense cannot stand, so we reverse the judgment of conviction with directions to discharge the defendant.
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.

. At defendant’s specific request, the trial court instructed the jury that resisting arrest without violence was a lesser included offense of resisting arrest with violence, and the jury convicted on the "lesser" offense. This instruction was erroneous, see Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985), but in light of our conclusion here, the error is moot.