## STATE OF FLORIDA v SHAY

Case No. 88-1012-MM-A-41

County Court, Marion County

August 25, 1988

**APPEARANCES OF COUNSEL**

**Judith M. Nagan** Assistant State Attorney, for plaintiff.
**Paul J. Guilfoil** for defendant.

**OPINION OF THE COURT**

THOMAS D. SAWAYA, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

Defendant is charged with resisting an officer without violence to his

11

person in violation of § 843.02, Fla. Stat. (1988). The Defendant filed a Motion to Dismiss alleging that his actions did not constitute an offense against the proscriptions of that statute. The Court agrees and grants Defendant's Motion to Dismiss.

Defendant was employed as the branch manager for a savings and loan association in Ocala, Florida. As the representative of the savings and loan, Defendant was served with an investigative subpoena seeking the bank records of Justin Morgan, a customer of the bank. The subpoena was issued pursuant to the authority provided by § 27.04, Fla. Stat. (1988), which empowers the State Attorney to summon and examine witnesses for the State. The subpoena bore the following directive:

PURSUANT TO AN OFFICIAL CRIMINAL INVESTIGATION OF A SUSPECTED FELONY, YOU ARE NOT TO DISCLOSE THE EXISTENCE OF THIS REQUEST. ANY SUCH DISCLOSURE COULD OBSTRUCT AND IMPEDE THE INVESTIGATION BEING CONDUCTED AND THEREBY INTERFERE WITH THE ENFORCEMENT OF THE LAW.

A few days after receiving the subpoena, Defendant had occasion to speak to Justin Morgan on unrelated business. During the conversation, he advised Mr. Morgan of the existence of the subpoena. Mr. Morgan then contacted the Marion County Sheriff's Office and advised a deputy that he was aware of the subpoena and was willing to cooperate. Mr. Morgan told investigators for the Florida Department of Law Enforcement that Mr. Shay was the person who informed him of the subpoena.

The State thereafter filed an Information charging the Defendant with violation of § 843.02, Fla. Stat. (1988).

The subpoena was issued without any Court order. No testimony or other evidence was proffered to obtain the subpoena and an order was never entered by any judge directing Mr. Shay or anyone else not to divulge the existence of the subpoena.

In order to cause an investigative subpoena to be issued, the Florida Department of Law Enforcement agent simply requests of any Assistant State Attorney that a subpoena be issued. In this circuit, the Assistant State Attorney presently in charge of issuing investigative subpoenas informally inquires of the FDLE agent, without any record being made, if the subpoena is being issued for a proper purpose. The State Attorney is not required by § 27.04, Fla. Stat. (1988), to make any inquiry at all. The subpoena is issued based upon the Assistant

State Attorney's decision after this procedure is followed. The issuing Court clerk makes no inquiry into the bona fides of the subpoena.

In this case, no one presented any evidence of any need to any person of authority before the directive not to divulge the existence of the subpoena was typed on the subpoena.

The issue that must be decided is whether the Defendant was legally bound by the directive contained within the subpoena. If he was not, he was free to disclose the existence of the subpoena to the Defendant without violating § 843.02, Fla. Stat. (1988).

This is a case of first impression within this State. The Federal Courts have, however, held that a directive contained within an investigative subpoena served upon a bank or other financial institution forbidding the bank officials to disclose the existence of the subpoena to its depositor is ineffective. *In Re Grand Jury Proceedings*, 814 F.2d 61 (1st Cir. 1987); *In Re Grand Jury Subpoena Duces Tecum*, 797 F.2d 676 (8th Cir. 1986); *In Re Grand Jury Subpoena, No. GJ31*, 628 F. Supp. 580 (W.D. Ark. 1986); *In Re Grand Jury Subpoena*, 574 F. Supp. 85 (S.D.N.Y. 1983); *In Re East Nat. Bank of Denver*, 517 F. Supp. 1061 (D. Colo. 1981); *In Re Vescovo Special Grand Jury*, 473 F. Supp. 1335 (C.D. Ca. 1979).[1] In *Vescovo*, the government served a

---

[1] These decisions are premised on Fed. R. Crim. P. 6(e)(2) which establishes a cloak of secrecy around Federal grand jury proceedings. That rule prohibits certain enumerated participants including grand jurors and government attorneys from disclosing any matters that are brought before the grand jury. The rule further provides that "[n]o obligation of secrecy may be imposed on any person except in accordance with this rule." *Id.* Rule 6(e), therefore, excludes the imposition of any obligation of secrecy on anyone who is not among those specifically listed and since witnesses do not fall within one of those enumerated classes, they are not bound by the rule. *See* In Re Grand Jury Proceedings, 814 F.2d 61 (1st Cir. 1987). Further support for this position is found in Note 2 of the Advisory Committee Notes to Fed. R. Crim. P. 6(e) which specifically states that "[t]he rule does not impose any obligation of secrecy on witnesses."

Before Rule 6(e) was adopted, the practice of most Federal courts was to require grand jury witnesses to take oaths of secrecy. *See, e.g.,* Goodman v United States, 108 F.2d 516 (9th Cir. 1939); United States v Central Supply Assn. 34 F. Supp. 241, 245 n.2 (N.D. Ohio 1940). This practices was upheld as "within the discretionary power of the court . . . if the court believes the precaution necessary in the investigation of crime." Goodman, 108 F.2d at 520. The language of RUle 6(e) preventing the imposition of an obligation of secrecy upon grand jury witnesses is apparently aimed at eliminating this practice. Despite the rather clear dictates of the rule, some federal decisions have recognized that there are circumstances in which some restrictions on disclosure by grand jury witnesses may be appropriate. *See* In Re Grand Jury Subpoena Duces Tecum, 797 F.2d 676 (8th Cir. 1986).

Although the present case does not involve the application or interpretation of a similar rule under Florida law, these Federal decisions tangentially address the issue under review and this Court does find them persuasive.

grand jury subpoena on the Crocker National Bank and attached to that subpoena was a letter from a special attorney with the Department of Justice instructing the bank not to disclose to its customers the existence of the subpoena for several days.[2] That letter went on to advise the bank that such disclosure would impede the grand jury's investigation and interfere with the enforcement of the law. The bank's attorney was also advised by the government's attorney during a telephone conversation that failure to honor the secrecy directive contained within the letter could subject the bank officials to prosecution for obstruction of justice. The bank placed the issue of the validity of the secrecy directive before the court when it filed its motion to quash the subpoena or, in the alternative, requested an order making withdrawal of the confidentiality requirement a condition of the bank's obligation to comply with the subpoena. The court ruled that the government could not legally impose an obligation of secrecy upon the bank with respect to the subpoena and that the bank could, if it chose, notify its customer of the existence of the subpoena without suffering criminal liability.

The court in *East National Bank* found it difficult to understand or perceive any public or private threat of prosecution of a bank officer for obstructing justice were he or she to inform a customer that a subpoena had been issued requesting the customer's financial records. The court specifically held that "the banks can or they cannot, as they choose, notify a customer that the customer's bank records have been subpoenaed. If a bank notifies a customer, no sustainable prosecution for obstructing justice can follow." 517 F. Supp. at 1067. The government in *In Re Grand Jury Subpoena,* went a step further and made an ex parte application to the court for an order prohibiting a bank from disclosing to its customers the existence of a subpoena duces tecum for that customer's records. In denying the government request, the court stated that "[o]ne who does business with a bank would reasonably expect to be notified by the bank if it received a subpoena for records

---

[2] The court is *Vescovo* indicated that the letter requesting secrecy was a proper request that the bank exercise any discretion in deciding whether to disclose the existence of the subpoena to its customer. This reasoning was criticized by the court in In Re Grand Jury Proceedings, 814 F.2d 61 (1st Cir. 1987). The First Circuit Court of Appeals held that such a letter or directive contained within a subpoena was improper in light of Fed. R. Crim. P. 6(e)(2) and instructed the government attorney to communicate with anyone who received a subpoena with such a letter attached that they were under no legal obligation to comply with the secrecy request. However, the ruling in *Vescovo* that such a directive establishes no legal or criminal liability against anyone who opposes or violates it was not criticized and is in accord with the other Federal decisions that have decided this issue.

14

of ones transactions." 574 F. Supp. at 86. The court went on to emphasize that "[o]rders forbidding such communications should not . . . be issued on so meager a basis as a prosecutor's conclusory statement, lacking any demonstrated foundation, that an investigation would be 'frustrated' ". *Id.*

The State's reliance on *Winfield v Division of Pari-Mutuel Wagering, Dept. of Business Reg.,* 477 So.2d 544 (Fla. 1985), is misplaced. In that case, the court was confronted with the issue of whether Article I, Section 23 of the Florida Constitution prevented the Division of Pari-Mutuel Wagering from issuing a subpoena directed to a depositor's bank records without notice and whether such a subpoena constituted an infringement and unbridled breach of legislative power. THe court answered these questions in the negative and held that, even though an individual does have a legitimate expectation of privacy in financial institution records, the State has a compelling and overriding interest in conducting effective investigations in the pari-mutuel industry. In the present case, the Defendant and the depositor made the requested records available to the State Attorney's Office and never attempted to do otherwise. Their actions are in full accord and the holding in *Winfield.* That case did not involve an officer of a banking institute disclosing the existence of a subpoena in contravention of a directive contained within the subpoena stating that he was forbidden to do so. Therefore, the *Winfield* decision does not apply to this case and is not dispositive of the issue this court must decide.

Because the directive on the subpoena is unlawful, Defendant's disobedience or opposition to the directive is lawful and cannot form the basis of a prosecution under § 843.02, Fla. Stat. (1988). *Gray v State,* 489 So.2d 86 (Fla. 5th DCA 1986), (where a defendant resists officers who are arresting him unlawfully he is allowed to resist so long as he does not use violence); *Burgess v State,* 313 So.2d 479 (Fla. 2d DCA 1975), (where defendant refuses to give his name to an officer who had no lawful reason for asking him, defendant could not be prosecuted under § 843.02, Fla. Stat. (1988).

This Court recognizes that certain criminal investigations by a state agency may, of necessity, require use of the subpoena power to secretively gather evidence and information. However, a secrecy directive contained within a subpoena issued by an Assistant State Attorney using his or her discretion based upon the procedures utilized in this case is not sufficient to prohibit a third party from disclosing the existence of that subpoena. As the court stated in *State v Michell,* 188 So.2d 684, 687 (Fla. 4th DCA 1966), "[t]he vigor of the state attorney in the use of the processes of the court should be sustained and

**15**

commended in all instances except where the rights of others are impaired or denied." Should the State feel compelled to silence the bank and keep the existence of the investigative subpoena duces tecum confidential, it may file an ex parte application seeking a secrecy order from a court of competent jurisdiction prohibiting the bank from disclosing to its customer the fact that it has been served with the subpoena. *See In Re Grand Jury Subpoena Duces Tecum,* 797 F.2d 676 (8th Cir. 1986); *In Re Grand Jury Subpoena,* 574 F. Supp. 85 (S.D.N.Y. 1983). If the court is satisfied that the State has made a sufficient showing of the need for secrecy then it may enter its order prohibiting disclosure to the depositor. Absent such a court order the bank may, at its discretion, notify its customer of the existence of the subpoena without violating State law. Accordingly, the Defendant's Motion to Dismiss is hereby granted.

DONE AND ORDERED in Chambers at Ocala, Marion County, Florida, this 25th day of August, 1988.