**In the Matter of THIRTY–NINE ADMINISTRATIVE SUBPOENAE.**

**Misc. Nos. 90–1308, 90–1309 and 90–1320.**

United States District Court, D. Massachusetts.

Dec. 19, 1990.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

In the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq.*, Congress regulated the manner in which Government authority (defined in 12 U.S.C. § 3401[3]) may obtain an individual's financial records (defined in 12 U.S.C. § 3401[2]). "The Right to Financial Privacy Act has comprehensive provisions concerning the customer's right to know of government attempts to procure his/her/its financial records." *In re Castiglione*, 587 F.Supp. 1210, 1213 (E.D.Cal.1984). Pursuant to 12 U.S.C. § 3408, Government authority may obtain an individual's financial records by means of a formal written request only if—

> (1) no administrative summons or subpoena authority reasonably appears to be available to that Government authority to obtain financial records for the purpose for which such records are sought:

> (2) the request is authorized by regulations promulgated by the head of the agency or department;

> (3) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry; and

(4)(A) a copy of the request has been served upon the customer or mailed to his last known address on or before the date on which the request was made to the financial institution together with the following notice which shall state with reasonable specificity the nature of the law enforcement inquiry:

"Records or information concerning your transactions held by the financial institution named in the attached request are being sought by this (agency or department) in accordance with the Right to Financial Privacy Act of 1978 [12 U.S. C.A. § 3401 *et seq.*] for the following purpose:

"If you desire that such records or information not be made available, you must:

"1. Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

"2. File the motion and statement by mailing or delivering them to the clerk of any one of the following United States District Courts:

"3. Serve the Government authority requesting the records by mailing or delivering a copy of your motion and statement to

"4. Be prepared to come to court and present your position in further detail.

"5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer;" and

(B) ten days have expired from the date of service or fourteen days from the date of mailing of the notice by the customer and within such time period the customer has not filed a sworn statement and an application to enjoin the Government authority in an appropriate court, or the customer challenge provisions of section 3410 of this title have been complied with.

Upon application of the Government authority, the customer notice required under 12 U.S.C. § 3408(4) may be delayed for ninety days if this Court finds that—

(1) the investigation being conducted is within the lawful jurisdiction of the Government authority seeking the financial records;

(2) there is reason to believe that the records being sought are relevant to a legitimate law enforcement inquiry; and

(3) there is reason to believe that such notice will result in—

(A) endangering life or physical safety of any person;

(B) flight from prosecution;

(C) destruction of or tampering with evidence;

(D) intimidation of potential witnesses; or

(E) otherwise seriously jeopardizing an investigation or official proceeding or unduly delaying a trial or ongoing official proceeding to the same extent as the circumstances in the preceeding [1] subparagraphs.

An application for delay must be made with reasonable specificity.

12 U.S.C. § 3409(a) (West, 1989).

There are presently before the Court 39 applications for delayed notice pursuant to 12 U.S.C. § 3409. Each is signed by an Assistant United States Attorney. Each recites the conclusions upon which this Court might lawfully find a delay is appro-

---

**1.** So in original. Probably should be "preced-      ing".

priate and these conclusions are "verified" by the sworn statement of a responsible government official that the conclusions are true to the best of his knowledge, information, and belief. Beyond naming the particular customers whose financial records are sought, however, and revealing the financial institutions to which the requests are to be addressed, each of these applications is utterly bereft of any supporting factual data whatever.

Even so, this Court rules that each of these 39 applications adequately supports a finding that the investigation or investigations being conducted are within the lawful jurisdiction of the Government authority seeking the financial records, 12 U.S.C. § 3409(a)(1), and that there are reasons to believe that each of the records being sought are relevant to legitimate law enforcement inquiries. 12 U.S.C. § 3409(a)(2). After all, these are matters within the knowledge of the Governmental authorities involved and there is no reason whatever on this record to question or impugn counsel's representations, albeit conclusory, as to these matters. This Court, quite appropriately, presumes the regularity and good faith of the representations of government officials and their counsel in the office of the United States Attorney.

Where these applications fall woefully short is in addressing the requirements of 12 U.S.C. § 3409(a)(3). True, counsel concludes—reciting the statutory language in each of these applications—that notifying the customer will result in the destruction of or tampering with evidence, 12 U.S.C. § 3409(a)(3)(C), and otherwise will seriously jeopardize ongoing investigations. 12 U.S.C. § 3409(a)(3)(E). Moreover, to each application counsel has attached a "verification" from a responsible government official reciting the same conclusions.

There are, however, no factual averments whatsoever in any of these applications from which this Court or any court could make the investigation-specific findings required by 12 U.S.C. § 3409 for delayed notice. It appears that the Government authorities here take the position in these applications that disclosure to *any*

bank customer will result either in the destruction of evidence or the compromise of an investigation. Such a blanket approach makes a mockery of the Congressional concern with individual privacy expressed in the Right to Financial Privacy Act. What's more, it directly contravenes the explicit Congressional mandate that "an application for delay must be made with reasonable specificity." 12 U.S.C. § 3409(a).

Accordingly, each of these 39 applications for delayed notice must be denied without prejudice to their renewal supported by affidavits detailing with reasonable specificity the particular facts from which—with respect to a particular investigation—it can be reasonably inferred that any statutory grounds for delay exist.

Moreover, as Congress doubtless understood that any government investigation may reasonably benefit from secrecy during its course, yet permitted delayed notice on this ground only upon a showing "made with reasonable specificity" that an investigation would be "seriously" jeopardized, any application depending in whole or in part on this ground must be supported by an affidavit setting out with reasonable specificity why disclosure to the specific customer involved—as opposed to the population generally—will "seriously" jeopardize a particular investigation.

SO ORDERED.